■ FRANK MANCINI, JR., Appellant-Respondent, v EDWARD J. McLAUGHLIN et al., Constituting the State Liquor Authority, Respondents-Ap-

pellants. In the Matter of JACK R. BATTIPAGLIA, Appellant-Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Respondent-Appellant.—In an action for declaratory relief and a proceeding for an injunction pursuant to section 123 of the Alcoholic Beverage Control Law, the parties cross-appeal from an order of the Supreme Court, Queens County, dated October 1, 1980, which, *inter alia,* (1) deemed the complaint in the declaratory judgment action to be a petition in an acticle 78 proceeding, (2) consolidated said proceeding with the proceeding for an injunction, (3) denied the plaintiff's and petitioner's motions for temporary injunctions, and (4) denied the State Liquor Authority's cross motion to dismiss the complaint and the petition. Order reversed, on the law, without costs or disbursements, and the State Liquor Authority's cross motion to dismiss the complaint and petition is. granted and it is declared that the Liquor Authority did not exceed its authority in issuing Bulletin No. 529. The State Liquor Authority issued Bulletin No. 529 to implement collection of an excise tax on liquor imposed by New York City, to be collected from distributors who import alcoholic beverages into the city (Administrative Code of City of New York, ch 46, tit Y). The bulletin designates all wholesalers of liquor in New York State as distributors and requires that they include in their prices to retailers within the City of New York the amount of the tax plus a 20% markup on such tax. The tax and markup are to be included in the minimum resale price of liquor such retailers must charge consumers. Plaintiff Mancini brought the instant action for a declaration that the State Liquor Authority exceeded its authority in issuing Bulletin No. 529. Petitioner Battipaglia commenced the instant proceeding to restrain the authority from enforcing the provisions of said bulletin. The State Liquor Authority's exercise of its right as an administrative agency to interpret statutes by promulgating Bulletin No. 529 must be upheld if it has a rational basis (see *Matter of Howard v Wyman,* 28 NY2d 434, 438, mot for rearg den 29 NY2d 749; *Matter of Fiore v O'Connell,* 297 NY 260, 262-263). Section 101-b (subd 3, par [b]) of the Alcoholic Beverage Control Law provides in part that a wholesaler may change prices to retailers without prior permission from the State Liquor Authority "to reflect any changes in or new taxes". A change reflecting a new tax would include the amount of the tax plus a percentage of such tax corresponding to the wholesaler's markup on the item affected. This markup, which is determined by the wholesaler, is indicated on the price schedule filed by each wholesaler with the authority. The markup of 20% on the tax, mandated by Bulletin No. 529, regardless of the wholesaler's actual markup, was a temporary measure taken because the authority was informed that separate markups on each item affected could not be computed, and new price schedules filed, before the tax became effective. The markup of 20% has a rational basis since it appears to be very close to the actual average markup as set by the wholesalers. Furthermore, the State Liquor Authority has informed this court at oral argument that the 20% markup will cease to become effective as soon as schedules can be filed reflecting the actual markup on each item, and that such filings are imminent. The authority's designating of all wholesalers as distributors for purposes of collecting the city excise tax and thereby impliedly holding that retailers within the city were not to be so designated, even though they import liquor into the city, also has a rational basis. This permits those who import

liquor into the State, and therefore collect the State excise tax, to also collect the city excise tax on behalf of the State Tax Commission. Therefore, the State Liquor Authority did not exceed its authority in issuing Bulletin No. 529. Mollen, P. J., Hopkins, Damiani and Mangano, JJ., concur.