■ Metropolitan Package Store Association, Inc., et al., Respondents, v Edward I. Koch, as Mayor of the City of New York, et al., Appellants. — Appeal from an order of the Supreme Court at Special Term, entered September 24, 1980 in Albany County, which granted plaintiffs' motion for a preliminary injunction and denied the City of New York's cross motion to dismiss the complaint. Plaintiffs, a trade association of retail liquor dealers in New York City, one of its members and a liquor distributor in New York City, commenced this action seeking a declaratory judgment declaring Local Law No. 30 of 1980 of the City of New York unconstitutional, and a permanent injunction enjoining the administration and enforcement of the local law. Local Law No. 30 of 1980 of the City of New York, enacted pursuant to section 445 of the Tax Law, imposes an excise tax on distributors and noncommercial importers of beer and alcohol sold or used in the city and a floor tax on persons who own or possess certain amounts of beer or alcohol on the effective date of the local law. The taxes are administered by the State Tax Commission (Tax Law, § 445, subd 4), which pays the taxes collected to the city (Tax Law, § 445, subd 7). After the State Liquor Authority issued a bulletin detailing the procedure to be followed in incorporating the tax in wholesale and retail prices, this action was commenced. Plaintiffs moved for a preliminary injunction and defendants cross-moved to dismiss the complaint. Special Term granted plaintiffs' motion and denied defendants' cross motion. In our view, Special Term erred in granting plaintiffs' motion. One of the conditions which plaintiffs must meet in order to estab-

lish their entitlement to a preliminary injunction is the showing of irreparable harm without the injunction *(Picotte Realty v Gallery of Homes,* 66 AD2d 978). Plaintiffs must show that the irreparable injury to be sustained by them is more burdensome to them than the harm caused to defendants through imposition of the injunction *(Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 70 AD2d 1021, 1022). In its affidavit in support of the motion for a preliminary injunction, the plaintiff trade association has alleged that its members "will be hard pressed to advance considerable sums of money to pay these taxes [and] will be forced out of business in many cases." There is nothing in the record to support this conclusory allegation. Since the taxes will be refunded if plaintiffs succeed on the merits, we perceive no irreparable harm. Moreover, the bulletin issued by the State Liquor Authority requires the retailer to pass the cost of the tax along to the consumer and thus it is not the retailer who is paying the tax. Plaintiffs also argue that they sell in quantity to persons outside the City of New York and that due to the taxes imposed by the local law, those consumers will now purchase from retailers outside of the city. They further argue that they will be unable to prove such losses at a later time. There is, however, no support in the record for either contention. Since plaintiffs have failed to establish irreparable harm, they are not entitled to a preliminary injunction. Defendants also contend that Special Term erred in denying their motion to dismiss the complaint, but we find the allegations of the complaint sufficient to withstand such a motion. Accordingly, the order appealed from should be modified by reversing so much thereof as granted plaintiffs' motion for a preliminary injunction. Order modified, on the law and the facts, and in the exercise of discretion, by reversing so much thereof as granted plaintiffs' motion for a preliminary injunction, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Casey, JJ., concur.