OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the relief sought by the appellants granted, with costs.
 

 Before a court can determine whether an agency acted reasonably in taking a particular action it must find that the agency had authority to act in the first instance. In this case neither section 101-b nor any other section of the Alcoholic Beverage Control Law requires that the New York City excise tax or a 20% markup be included in cost, or permits the State Liquor Authority to direct that it be so included. Thus the State Liquor Authority exceeded the authority conferred upon it by statute. Although it appears that the agency’s action is meant as a temporary measure, it may not act in excess of its authority even temporarily.
 

 Chief Judge Cooke and Judges Gabrielli, Wachtler and Fuchsberg concur in memorandum; Judges JASEN, Jones and Meyer dissent and vote to affirm for reasons stated in the memorandum at the Appellate Division (79 AD2d 649).
 

 Order reversed, etc.
 

 
 *863
 
 November 24, 1981
 

 Motion by State Liquor Authority for reargument or to amend the remittitur granted in the following respects: (1) The remittitur herein is recalled and, when returned, it will be amended to read as follows: Order reversed, with costs, and the relief sought by the appellants granted to the extent of enjoining respondents from enforcing bulletin 529.
 

 Chief Judge Cooke and Judges Gabrielli, Wachtler and Fuchsberg concur in memorandum; Judges Jasen, Jones and Meyer dissent and vote to affirm for reasons stated in the memorandum at the Appellate Division (79 AD2d 649).
 

 (2) The memorandum is amended to reflect the above limitation in the relief granted to appellants and by adding the following sentence: “We reach only the question of the authority’s right to adopt mandatory regulations.”
 

 Motion by the State Liquor Authority otherwise denied.
 

 Motions by Peerless Importers, Inc., and Charmers industries, Inc., to appear as
 
 amici curiae
 
 on the State Liquor Authority’s motion, denied.