In the Matter of JOSEPH MANGANARO et al., Appellants, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, July 29, 1982

### APPEARANCES OF COUNSEL

*Leonard Bailin* for appellants.

*Robert Abrams, Attorney-General* (*Francis V. Dow* and *Jeremiah Jochnowitz* of counsel), for respondents.

### OPINION OF THE COURT

LEVINE, J.

Petitioner Joseph Manganaro, M.D., is a shareholder/officer of a professional service corporation practicing medicine in the City of New York (City). His petition alleges that enactment of article 30 of the Tax Law (L 1975, ch 881) violated the equal protection clause of the United States Constitution by denying him the benefit of certain personal deductions from City personal income taxes available to similar shareholders of closely held nonprofessional business corporations. In 1970, New York for the first time authorized the creation of professional service corporations (Business Corporation Law, art 15, as added by L 1970, ch

974). Uncontestably, the purpose of the legislation was to enable New York professionals to take advantage of United States Treasury Department policy changes granting professionals practicing in corporate form the same Federal tax benefits accorded employees of nonprofessional business corporations, particularly with respect to deductions for payments into corporate retirement benefit plans (see US Treasury Dept Technical Information Release No. 1019 [1969]; Revenue Ruling 70-101, 1970 Internal Revenue Bulletin No. 9). However, New York elected not to accord incorporated professionals the same State income tax benefits flowing from incorporation. Hence employees of professional corporations were required to add back to their New York taxable income the applicable Federal deductions (Tax Law, § 612, subd b). In effect, New York maintained equal tax treatment of professionals, irrespective of whether or not they practiced in corporate form. Consistently with that policy, the State exempted professional corporations from the tax on other corporate income representing excess distributions to shareholders in the form of salaries or contributions to pension plans (Tax Law, § 210, subd 1-b).

The City initially adopted the Federal rather than the State approach to taxation of professional corporations and their stockholders. Thus, the principals of professional corporations got the benefit of the Federal deductions, while their corporations, like other business corporations, were subject to the City corporation tax on excess distributions to shareholders. In 1975, however, as a condition for Federal aid during the City's financial crisis, the State was required to take over collection and administration of the City's personal income tax, and its structure was made to conform to State tax law (L 1975, chs 881, 882; Tax Law, § 1301, subd [b]; § 1303). This did not affect the structure of the City's corporation tax, however.

It is the combination of the foregoing change in personal income taxation by the City of stockholders of professional corporations, together with continuation of its existing method of corporate taxation, that forms the basis of petitioners' complaint in the instant case. Petitioners' argument may be summarized as follows: For tax purposes,

there is no significant difference between the shareholders of professional corporations and their counterparts in other closely held corporations, and there was equal tax treatment of such shareholders and their corporations by the City before 1975. Therefore, the only justification for the State's discriminatory treatment of shareholders of professional corporations, in denying them the applicable Federal deductions from State income taxes, was the offsetting more favorable tax treatment of their corporations regarding excess distributions. It follows, according to petitioners, that in imposing upon the City tax structure the foregoing discriminatory features of the State's personal income tax law without also introducing the State's offsetting favored tax treatment of professional corporations, the 1975 legislation thereby denied them equal protection of the laws.

We disagree and find no denial of equal protection in the imposition of the City's personal income tax presented here. Contrary to petitioners' assertion, the validity of differential treatment of shareholders of professional corporations from that afforded their counterparts in other business corporations is not dependent upon any offsetting tax advantage given professional corporations. In weighing equal protection challenges to State tax laws, the Supreme Court has held that "in taxation, even more than in other fields, legislatures possess the greatest freedom in classification" (*Madden v Kentucky,* 309 US 83, 88). Such broad discretion on the part of State taxing authorities was reaffirmed in *Lehnhausen v Lake Shore Auto Parts Co.* (410 US 356, 359, 360), where the court further held that "[t]he test is whether the difference in treatment is an invidious discrimination" or is "palpably arbitrary". Particularly appropriate to the instant case is the following statement in *Allied Stores of Ohio v Bowers* (358 US 522, 526-527): *"The State may impose different specific taxes upon different trades and professions* and may vary the rate of excise upon various products. It is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use or value" (emphasis added). In the *Allied Stores of Ohio v Bowers* case, the court went on to say (p 528) that "a classification, though dis-

criminatory, is not arbitrary nor violative of the Equal Protection Clause of the Fourteenth Amendment if any state of facts reasonably can be conceived that would sustain it".

There are more than sufficient reasons to classify shareholder/principals in professional corporations differently for tax purposes than their counterparts in other business corporations. Historically, important distinctions have always been maintained between the professions and other occupations, explaining to some degree the long resistance to permitting professionals to practice in corporate form. Professionals are subject to stricter State supervision and licensing requirements, in order to maintain standards of responsibility for the protection of the public. Incorporation adds to the burden of such regulation, making it more complex and costly to the State's regulatory and licensing authorities (see, e.g., Business Corporation Law, §§ 1512, 1514, 1516). Commentators have also noted that virtually the only reason professionals incorporate is to minimize Federal income taxes, and only those professionals incorporate whose level of personal income is sufficiently high that the tax savings clearly outweigh the disadvantages of additional forms and filing requirements, legal fees, and other corporate fees and taxes (see Comment, Should Professionals Incorporate? — A Reanalysis, 36 Albany L Rev 663; Levenfeld, Professional Corporations, in Estate Planning for the Professional Man [ch 4], Practicing Law Institute, 1970). On the other hand, tax advantages are far less likely to motivate other business enterprises to incorporate, their principal reason being to limit personal liability. The State gains nothing from authorizing professionals to incorporate; it only affords them the opportunity thereby to achieve substantial Federal tax benefits.

The State may therefore validly condition the privilege of incorporation on the payment of additional taxes by professionals. Moreover, in not providing the offsetting corporate tax benefit petitioners suggest, the City in fact acts consistently with the valid purpose, previously noted, of maintaining roughly equal tax treatment among professionals, whether or not incorporated. As we have also noted, the State affords professional corporations such an

offsetting corporate tax advantage respecting excess distributions to shareholders. Correspondingly, it exempts unincorporated professionals from the State unincorporated business tax imposed on other self-employed occupations (Tax Law, § 703, subd [c]), thereby maintaining similar treatment between those professionals who are incorporated and those who are not. In contrast, the City imposes its unincorporated business tax upon professionals not practicing in corporate form (Administrative Code of City of New York, § S46-1.0 *et seq.*). In taxing professional corporations more heavily than the State, the City thus provides an equivalent to its more severe taxation of unincorporated professionals.

For all of the foregoing reasons, the judgment of Special Term dismissing the petition should be affirmed, without costs.

MAHONEY, P. J., SWEENEY, CASEY and YESAWICH, JR., JJ., concur.

Judgment affirmed, without costs.