METROPOLITAN PACKAGE STORE ASSOCIATION, INC., et al., Appellants, and ACE WINES & LIQUORS, INC., et al., Intervenors-Appellants, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Respondents.

Third Department, November 4, 1982

APPEARANCES OF COUNSEL

*Gerard A. Navagh* for appellants.

*Seymour S. Howard* for Ace Wines & Liquors, Inc., and others, intervenors-appellants.

*Mehler & Buscemi (Francis R. Buscemi* of counsel), for Retailers Alliance, Inc., and others, intervenors-appellants.

*Frederick A.O. Schwarz, Jr., Corporation Counsel (Isaac C. Donner, Gale Zareko* and *Maurice Ravage* of counsel), for Edward I. Koch and another, respondents.

*Robert Abrams, Attorney-General (Francis V. Dow* of counsel), for James H. Tully, Jr., and others, respondents.

OPINION OF THE COURT

WEISS, J.

Plaintiffs and plaintiffs-intervenors are either retailers, wholesalers, or a trade association of liquor retailers, who seek a judgment declaring that the provisions of Local Law No. 30 of 1980 of the City of New York are unconstitutional and void, and enjoining defendants from administering and collecting excise taxes pursuant thereto or from imposing sanctions or penalties for noncompliance. Said local law was enacted by defendant City of New York pursuant to enabling legislation enacted by the Legislature as section 445 of the Tax Law in 1971 (L 1971, ch 406, § 1), and imposes a New York City excise tax in the sum of 12 cents per gallon upon beer and 26.4 cents per liter on liquor, upon distributors and noncommercial importers of alcohol which is sold or used in New York City (Administrative Code of City of New York, § Y46-2.0). The local law also included a one-time floor tax upon persons owning or possessing specified amounts of alcoholic beverages on August 1, 1980, the effective date of the local law (Administrative Code, § Y46-2.0). In order to implement collection of the excise taxes, defendant State Liquor Authority issued Bulletin 529 which required that wholesalers of liquor "collect" the taxes established plus the additional sum of 20% of such taxes. The bulletin had the effect of mandating that wholesalers pass the tax plus a 20% markup thereon along to retailers who then included the increases in their minimum retail consumer prices. The complaint alleged, *inter alia,* that the provisions of the local law, as implemented by Bulletin 529, are unconstitutional as violative of the supremacy clause (US Const, art VI, cl 2), the commerce clause (US Const, art I, § 8, cl 3), the import-export clause (US Const, art I, § 10, cl 2), and the Fourteenth Amendment (US Const, 14th Amdt, § 1). The complaint also alleges violations of the New York State Constitution's prohibitions against incorporation by reference to other statutes (NY Const, art III, § 22, subd 1; art III, § 16), and of the due process clause (NY Const, art I, § 6). Additionally, the complaint alleges that the local law, as

implemented by Bulletin 529, violates State (General Business Law, § 340) and Federal law (US Code, tit 15, §§ 1, 13a) prohibiting price fixing and restraint of trade. On March 19, 1981, this court reversed an earlier order at Special Term which granted plaintiffs' motion for a preliminary injunction, but affirmed the denial of defendants' motion for summary judgment dismissing the complaint (*Metropolitan Package Store Assn. v Koch,* 80 AD2d 940, 941). On October 31, 1981, the Court of Appeals held Bulletin 529 invalid and enjoined its enforcement by the State Liquor Authority on the ground that the authority exceeded its statutory power to adopt regulations by directing that the excise tax and a 20% markup thereof be included in the retail price of alcoholic beverages (*Mancini v McLaughlin,* 54 NY2d 860, remittitur amd 54 NY2d 860). Here, Special Term denied plaintiffs' motion to strike the answer and for summary judgment, and granted instead defendants' cross motion for summary judgment dismissing the complaint. After reargument, Special Term rendered final judgment declaring Local Law No. 30 of 1980 to be valid and constitutional, and dismissed the complaint insofar as it sought injunctive relief, giving rise to this appeal.

■ Plaintiffs contend that our decision in *Metropolitan Package Store Assn. v Koch* (80 AD2d 940, *supra*) constitutes the law of this case,[1] and that plaintiffs should be entitled to summary judgment on their constitutional attacks upon Local Law No. 30. This argument is without merit. The law of the case doctrine requires that once an issue is judicially determined, it is deemed to be conclusive as to courts of co-ordinate jurisdiction (*Martin v City of Cohoes,* 37 NY2d 162, 165; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5501.11, p 55-30). The rule is not inflexible (*People v Leone,* 44 NY2d 315, 320), and applies only to

---

1. Special Term granted plaintiffs a preliminary injunction enjoining the administration and enforcement of Local Law No. 30, and denied the City of New York's cross motion to dismiss the complaint, made before its answer was interposed. In our decision, we reversed that portion of the order which granted plaintiffs a preliminary injunction, and affirmed the denial of the city's motion to dismiss the complaint, holding: "we find the allegations of the complaint sufficient to withstand such a motion" (*Metropolitan Package Store Assn. v Koch,* 80 AD2d 940, 941).

322

issues decided, directly or by implication, at an earlier stage of the action (Siegel, New York Practice, § 448, p 593). Upon a motion to dismiss a complaint for legal insufficiency in an action for a declaratory judgment, the test " 'is not whether the complaint shows the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is *entitled to a declaration of rights at all*. If the complaint states the substance of a bona fide justiciable controversy which should be settled, a cause of action for a declaratory judgment is stated' " (*Baldwin v City of Buffalo*, 7 AD2d 386, 387, citing 1 Anderson, Actions for Declaratory Judgments, p 600). Having made no determination on the merits in plaintiffs' favor, Special Term was not obligated by this court's prior decision to render judgment in plaintiffs' favor.

### IMPORT-EXPORT CLAUSE

■ Local Law No. 30 does not violate the import-export clause[2] which bans only imposts or duties on imports or exports. The subject tax is imposed in a nondiscriminatory fashion upon importers and persons acquiring alcoholic beverages or producing them and is effective only upon the sale or use of such beverages in New York City after they have come to rest in the city — a purely local event. Consequently, the tax does not offend any of the policy considerations protective of Federal interests underlying the import-export clause (see *Michelin Tire Corp. v Wages*, 423 US 276, 285-286; see, also, *Washington Revenue Dept. v Stevedoring Assn.*, 435 US 734). Moreover, the tax is not on the act of transporting or shipping beer and liquor into this State (*Department of Revenue v Beam Co.*, 377 US 341, 343), but upon the sale or distribution after they have come to rest in New York City. Thus, the import-export clause is not violated (see *House of York v Ring*, 322 F Supp 530).

2. "No State, shall, without the Consent of the Congress, lay any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing its inspection Laws; and the net Produce of all Duties and Imposts, laid by any State on Imports or Exports, shall be for the Use of the Treasury of the United States; and all such Laws shall be subject to the Revision and Control of the Congress" (US Const, art I, § 10, cl 2).

COMMERCE CLAUSE

■ We further hold Local Law No. 30 is not violative of the commerce clause.[3] Tax laws have been sustained so long as they have a substantial nexus with the taxing State, are fairly apportioned, do not discriminate against interstate commerce, and are fairly related to services provided by the State (*Complete Auto Transit v Brady,* 430 US 274; see, also, *Washington Revenue Dept. v Stevedoring Assn., supra; General Motors v Washington,* 377 US 436; *Northwestern Cement Co. v Minnesota,* 358 US 450). To be remembered is the fact that the commerce clause does not state a prohibition; it merely grants specific power to Congress (*Washington Revenue Dept. v Stevedoring Assn.,* 435 US 734, 749, *supra*), and that interstate commerce must bear its fair share of the tax burden (*supra,* at p 750). The excise tax imposed by Local Law No. 30 being levied only upon goods sold or used in New York City, has virtually an exclusive nexus with that city, and does not unfairly discriminate against plaintiffs. Nor can it be said that the free flow of goods between States is seriously affected, because the tax applies only after the goods come to rest in New York City. Nothing in the record suggests that the tax is not fairly related to services and protection provided by the City of New York and there is no factual basis to declare the tax violative of the commerce clause.

DUE PROCESS

■ Plaintiffs contend Local Law No. 30 violates the Fourteenth Amendment to the United States Constitution and section 6 of article I of the New York Constitution, because it is too indefinite, vague and unclear, and, as implemented, constitutes a taking of property without due process. Plaintiff-intervenor Ace Wines and Liquors, Inc., contends that the law denies retailers classification as "a distributor" which denies them the use of tax money and interest thereon from the time of their payment to the wholesalers until it is paid over to the State Tax Commission, and further that they are denied "distributor" status

---

**3.** "The Congress shall have Power * * * To regulate Commerce with foreign Nations, and among the several States, and with Indian Tribes". (US Const, art I, § 8, cl 3.)

even though they frequently function as "importers" by causing beer and liquor to be brought into New York City. Initially, we note that a strong presumption of validity attaches to legislative enactments, imposing upon a party who challenges the constitutionality of a statute a heavy burden of establishing unconstitutionality beyond a reasonable doubt (*Nettleton Co. v Diamond,* 27 NY2d 182, app dsmd *sub nom. Reptile Prods. Assn. v Diamond,* 401 US 969; see, also, *Montgomery v Daniels,* 38 NY2d 41, 54). We reject plaintiffs' vehement arguments centered upon the purported constitutional infirmities of Bulletin 529 which implemented the local law, and we hold that the determination by the Court of Appeals in *Mancini v McLaughlin* (54 NY2d 860, *supra*) clearly removes from the court's review the collection scheme delineated by the bulletin. Although the Court of Appeals voided the bulletin solely on the narrow issue that the State Liquor Authority had exceeded the powers given to it by statute, the bulletin is no longer extant, and therefore any consideration of its infirmities or effects upon Local Law No. 30 is beyond the scope of this appeal.

There can be no doubt that the local law was enacted solely and simply as an exercise of the taxing power of the city and bears no motivation other than to raise revenue. "This being so, the due process clause may not here be availed of to condemn the statute. That clause, it has been said, 'is applicable to a taxing statute * * * only if the act be so arbitrary as to compel the conclusion that it does not involve an assertion of the taxing power, but constitutes, in substance and effect, the direct exertion of a different and forbidden power, as, for example, the confiscation of property'" (*Ampco Printing-Advertisers' Offset Corp. v City of New York,* 14 NY2d 11, 24, app dsmd 379 US 5, quoting from *Magnano Co. v Hamilton,* 292 US 40, 44; see *Shapiro v City of New York,* 32 NY2d 96, 102, app dsmd 414 US 804). We find no forbidden purpose present, discounting again plaintiffs' arguments centered upon Bulletin 529, and hold that the terms of the law and its references to the Tax Law are clear and understandable to persons of "common intelligence" (*Connally v General Constr. Co.,* 269 US 385, 391). Moreover, we reject plaintiffs' contention that

retailers have been denied due process of law because the local law does not classify them as "distributors". Defendants' interpretation of the word "import" in the definition of "distributor" refers to transactions in foreign commerce not intrastate commerce, and is neither arbitrary nor unreasonable (see *Matter of Burger King v State Tax Comm.*, 51 NY2d 614, 621). This interpretation conforms with common usage and meaning applied by the Tax Law (Administrative Code, § Y46-1.0, subd 15; Tax Law, § 445, subd 3).

## EQUAL PROTECTION

The differential treatment afforded wholesalers and retailers is not violative of equal protection. This court has recently rejected a constitutional challenge to the taxing power of the City of New York (*Matter of Manganaro v Tully,* 88 AD2d 206 [unincorporated business tax]). We noted (p 208) " 'in taxation, even more than in other fields, legislatures possess the greatest freedom in classification' " (quoting *Madden v Kentucky,* 309 US 83, 88), and that " '[t]he test is whether the difference in treatment is an invidious discrimination' " or is " 'palpably arbitrary' " (citing *Lehnhausen v Lake Shore Auto Parts Co.,* 410 US 356, 359, 360). The local law imposes the tax upon distributors who import into the city any alcoholic beverages for sale or use in the city, and does not distinguish between retailers and wholesalers. The distinctions complained of appeared in the ill-fated Bulletin 529, already declared void in *Mancini v McLaughlin (supra)*, and are no longer at issue. The Legislature has wide discretion in creating tax classifications (*Shapiro v City of New York,* 32 NY2d 96, 103, *supra*). The tax is imposed upon those who import alcoholic beverages for sale or use in the City of New York and since it is solely intended to produce optimum revenue, it is a valid legislative enactment (*Matter of Long Is. Light. Co. v State Tax Comm.,* 45 NY2d 529, 535-536). "That a 'fairer' taxing formula might have been adopted is of no moment" (*supra,* at p 535).

## NEW YORK STATE CONSTITUTION

Plaintiffs erroneously argue that both Local Law No. 30 and section 445 of the State Tax Law (L 1971, ch 406,

§ 1) violate a provision of the State Constitution against incorporation of sections of other statutes by reference (NY Const, art III, § 22). It has been held that this section of the Constitution was originally intended to apply to annual recurring taxes known at the time of its adoption, imposed generally upon the entire property of the State (*Matter of McPherson,* 104 NY 306; *Matter of Stickney,* 110 App Div 294, 296) and does not apply to all local taxes (*Berkshire Fine Spinning Assoc. v City of New York,* 5 NY2d 347, 358; see, also, *Jones v Chamberlain,* 109 NY 100, 108-109).

Plaintiffs' further argument that Local Law No. 30 violates section 16 of article III of the State Constitution prohibiting incorporation of statutes by reference without verbatim insertion of such act, similarly fails. Concededly, the enabling act and the local law both incorporate by reference other sections of the Tax Law dealing with administration and collection. However, reference "to the procedure of an earlier general statute does not contravene this provision of the Constitution" (*Richfield Oil Corp. of N. Y. v City of Syracuse,* 287 NY 234, 240). Moreover, the enabling act was an amendment to article 18 of the Tax Law and as such was not a violation of section 16 of article III (*People ex rel. New York Elec. Lines Co. v Squire,* 107 NY 593, 602).

SUPREMACY CLAUSE

■ Plaintiffs argue that Local Law No. 30 constitutes price fixing per se in violation of the Sherman Antitrust Act and the supremacy clause (US Const, art VI, cl 2). We disagree. Initially, we reject plaintiffs' argument as erroneously premised upon Bulletin 529 which, we reiterate, is not at issue herein. Moreover, the subject laws and regulations fall within the "State action" exemption to the Sherman Act and thus do not violate the act nor, by implication, the supremacy clause (see *New Motor Vehicle Bd. of Cal. v Fox Co.,* 439 US 96; *Exxon Corp. v Governor of Maryland,* 437 US 117; *Lafayette v Louisiana Power & Light Co.,* 435 US 389). The exemption applies since the excise tax was specifically authorized by State laws, and enforced by State and municipal officials acting as State agents (see *Parker v Brown,* 317 US 341; Tribe, American Constitutional Law,

§ 5-22, p 309, n 12; see, also, *National League of Cities v Usery,* 426 US 833, 855, n 20).

REMAINING CHALLENGES

■ We find no inconsistency between Local Law No. 30 and section 101-b of the Alcoholic Beverage Control Law violative of section 2 (subd [c], par [ii]) of article IX of the New York State Constitution. By focusing their challenge once again on Bulletin 529, plaintiffs and plaintiffs-intervenors have effectively raised no valid argument regarding an alleged inconsistency. In any regard, Local Law No. 30 is solely revenue producing while section 101-b of the Alcoholic Beverage Control Law is purely regulatory. Such statutes are to be harmonized whenever possible (*Cimo v State of New York,* 306 NY 143), and section 445 of the Tax Law and Local Law No. 30, enacted long after section 101-b of the Alcoholic Beverage Control Law should prevail (*People ex rel. Thorpe v Clark,* 62 AD2d 216; see McKinney's Cons Laws of NY, Book 1, Statutes, §§ 391, 398).

■ The technical violation of section 39 of the New York City Charter, which requires approval at a public referendum of any enactment transferring powers vested in a municipal agency to a nonmunicipal agency, does not void the local law. While it is true that the power to administer and collect all excise taxes is placed in the Department of Finance (NY City Charter, §§ 39, 1504, subd 2; Administrative Code, § Y46-4.0), and here, such power has been transferred to the State Tax Commission without referendum approval, we hold that the State, through the enabling act (Tax Law, § 445) authorizing Local Law No. 30, and section Y46-4.0 of the Administrative Code of the City of New York, has effectively superseded the referendum requirement provision of section 39 of the New York City Charter (see *City of New York v Maltbie,* 274 NY 90, 96-97; *Rooney v City of Long Beach,* 42 AD2d 34, 39, apps dsmd 33 NY2d 897).

■ Plaintiffs' argument concerning inconsistencies between the local law and section 171-a of the Tax Law, respecting disposition of the excise taxes, presents no real conflict. The statutes relate to different taxes from different sources, and may easily be harmonized since proceeds

from State taxes inure to the State and those from the city tax revert to the city (Administrative Code, § Y46-5.0; see McKinney's Cons Laws of NY, Book 1, Statutes, § 391, p 555, n 11).

Nor do we find that the local law offends the Twenty-first Amendment to the United States Constitution, because there is no attempt made to regulate either the transportation or importation of liquor into this State. The imposition of an excise tax at the moment of sale or use of goods after they have come to rest in the city is within the sovereign power of the State, here, passed on to the City of New York by the enabling act.

Finally, having failed to establish that Local Law No. 30 is violative of either the United States or New York Constitutions, or in any other respect invalid, neither plaintiffs nor plaintiffs-intervenors are entitled to an injunction enjoining enforcement of the law.

The judgment should be affirmed, without costs.

MAHONEY, P. J., KANE, CASEY and LEVINE, JJ., concur.

Judgment affirmed, without costs.