OPINION OF THE COURT
Arthur E. Blyn, J.
In this article 78 proceeding, petitioner seeks to review and annul respondents’ determination which after a hearing found it guilty of advertising and selling liquor at a price below the minimum retail price allowed by law and suspended its license for 10 days and ordered its compliance bond forfeited.
At the hearing petitioner stipulated that it had advertised and sold the liquor as charged in respondents’ specifications, but contended that the minimum resale prices relied upon by the State Liquor Authority were illegal. The trier of fact sustained the charges and the findings were confirmed by the commissioner and the penalty imposed.
In this proceeding, petitioner, while admitting the facts of the sale, renews its challenge to the legality of the statute and regulations under which it was charged. Specifically, petitioner contends that (1) the statutory scheme *747 contained in sections 101-b and 101-bb of the Alcoholic Beverage Control Law, which in effect requires wholesalers to establish minimum retail prices for brands of liquor and eliminates price competition among retailers, is invalid as a violation of the Sherman Antitrust Act; (2) in promulgating its rule 16 which requires that the price per bottle must exceed the price per the case in which it is contained by $1.92 divided by the number of bottles in the case, the authority exceeded its powers since it does not have the statutory power to compel wholesalers to add any amount to their prices; and (3) by issuing its bulletin 471 which permitted wholesalers to “post-off” (i.e,, reduce) the legal case price in any month without fully passing through the full “post-off” to the bottle price, the authority exceeded its statutory powers by allowing wholesalers to offer quantity discounts in excess of those permitted by section 101-b of the Alcoholic Beverage Control Law and to fix the legal minimum of that intended by statute.
Petitioner’s challenge to the State’s pricing regulatory mechanism is, however, without merit, and its reliance on California Liq. Dealers v Midcal Aluminum (445 US 97) misplaced. Section 101-b is a price-posting rather than a resale price maintenance statute such as was at issue in California Liq. Dealers v Midcal Aluminum (supra). (Battipaglia v New York State Liq. Auth., 80 Civ 5701 [US Dist Ct, SDNY, 1982].) Thus, there is no conflict between that section and the Sherman Act: “[The section] requires that each wholesaler publish the prices at which it will sell its products to retailers, permits adjustments downward to meet competition, and mandates that it will maintain any prices for a 30-day period. The statute also requires that retailers purchase only liquor and wine sold in compliance with this system. In all other material respects, section 101-b is silent about retail sales”. (Battipaglia v New York State Liq. Auth., supra.)
It is the State, not the wholesalers which sets the price range at the lower levels of distribution (Battipaglia v New York State Liq. Auth., supra; Serlin Wine & Spirit Merchants v Healy, 512 F Supp 936). Similarly, that retailers may not sell their products at a price below their “cost” (defined as the price to the retailer plus 12% of such price), *748 as required by section 101-bb of the Alcoholic Beverage Control Law, does not on its face constitute price fixing by a private party, i.e., the wholesaler, since it merely sets the floor below which the retail price may not be set. State regulation such as that involved here is, of course, immune from antitrust regulation since its restraints are clearly articulated and affirmatively expressed as State policy and the policy itself is actively supervised by the State (California Liq. Dealers v Midcal Aluminum, supra, at p 105).
Nor does the Authority’s promulgation of rule 16 or of bulletin 471 exceed its authority under the Alcoholic Beverage Control Law. While it is axiomatic that the State Liquor Authority in promulgating regulations may not exceed the authority conferred upon it by statute (Mancini v McLaughlin, 54 NY2d 860), a comparison of rule 16 and bulletin 471 with sections 101-b and 101-bb make it clear that no such violation has occurred here. Section 101-b (subd 3, par [b]) provides in pertinent part: “No brand of liquor or wine shall be sold to or purchased by a retailer unless a schedule, as provided by this section, is filed with the liquor authority, and is then in effect * * * Such brand of liquor * * * shall not be sold to retailers except at the price * * * then in effect unless prior written permission of the authority is granted for good cause shown and for reasons not inconsistent with the purpose of this chapter”.
Thus, it is within the statutory authority of the State Liquor Authority to promulgate reasonable rules and regulations not inconsistent with the purposes of the Alcoholic Beverage Control Law. It is well settled that an administrative agency’s construction and interpretation of its own regulations and of the statute under which it functions is entitled to the greatest weight (Matter of Herzog v Joy, 74 AD2d 372). Petitioner fails to demonstrate how, if at all, promulgation of rule 16, which provides the method for determining the per bottle price of each liquor item based on the case price, or bulletin 471, which permits a variation on the computed bottle price within a limited price range, exceeds the State Liquor Authority’s statutory mandate under subdivisions 3 and 6 of section 101-b of the Alcoholic Beverage Control Law.
*749 Accordingly, none of the grounds raised by petitioner concerning the validity of the statutes, rules or regulations upon which respondents’ determination was based are sufficient to warrant this court’s annulling that determination. Given that finding, and the undisputed factual basis upon which the determination was made, the court finds that there was a rational basis for that determination and petitioner’s application therefore is denied and its petition dismissed.