■ In the Matter of Public Employees Federation, AFL-CIO, Respondent, v Mario M. Cuomo, as Governor of the State of New York, et al., Appellants. (And One Other Related Proceeding.) — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered August 30, 1983 in Albany County, which, *inter alia,* granted petitioner's motion for a preliminary injunction. Since petitioner failed to establish the required element of irreparable harm in the absence of a preliminary injunction, that portion of Special Term's order granting such relief must be reversed. Chapter 414 of the Laws of 1983, enacted June 30, 1983, modified many aspects of the retirement plan of public employees who entered State service on or after July 1, 1976 (commonly known as the Tier III Plan). One major modification concerned the ability of

---

nonvested employees to obtain a refund of their contributions to the retirement fund upon leaving State service. Under the former statute (Retirement and Social Security Law, § 517, subd b), a nonvested employee could withdraw retirement fund contributions upon leaving State service. Under the new legislation, however, a nonvested employee leaving State service will not be allowed to withdraw his or her contributions until death or age 62 (Retirement and Social Security Law, § 613, subd c, eff Sept. 1, 1983). Petitioner,[*] representing certain State public employees, commenced the instant CPLR article 78 proceeding seeking a declaration that the new legislation is, in part, unconstitutional on various grounds and an injunction against enforcement of that part of the legislation declared unconstitutional. Respondents moved to dismiss the petition. Special Term converted the action to one for a declaratory judgment and granted petitioner's motion for a preliminary injunction. Respondents filed a notice of appeal, thereby statutorily staying the preliminary injunction (CPLR 5519, subd [a], par 1). This court denied petitioner's motion to vacate the statutory stay. Respondents' appeal from Special Term's order granting petitioner's motion for a preliminary injunction is now before this court. One of the conditions which petitioner must meet in order to establish its entitlement to a preliminary injunction is a showing of irreparable harm without the preliminary injunction, and the irreparable harm sustained by petitioner must be more burdensome than the harm caused to respondents (*Metropolitan Package Store Assn. v Koch,* 80 AD2d 940). Petitioner correctly conceded that monetary loss alone is insufficient to constitute irreparable harm, since damages ordinarily constitute an adequate remedy (see, e.g., *Wilhelmina Models v Iman Abdulmajid,* 67 AD2d 853; *DeLury v City of New York,* 48 AD2d 595, 599). It is asserted by petitioner that irreparable harm lies in the effect the statute has had in forcing nonvested Tier III employees to make premature decisions as to whether to continue their careers with the State. Thus, it is argued, an employee who had not decided to spend his or her entire career in State service was compelled to choose between leaving State service prior to the effective date of the statute or forfeiting the right to receive his or her contributions to the pension system until age 62 or death. Petitioner contends that those employees should not be compelled to make such a choice until such time as the constitutionality of the statute is finally determined. Petitioner's argument is seriously flawed. An employee's decision as to whether to make a career of State service is purely personal. The statute itself has no impact on the substantive nature of the employee's decision but, rather, it is the timing of the decision that is said to have been adversely affected. Further analysis, however, reveals that the employees will benefit from a preliminary injunction only in the event that petitioner fails on the merits of its claim that the statute is unconstitutional. If petitioner succeeds on the constitutional argument and the statute is declared void, nonvested Tier III employees who leave State service will receive their contributions irrespective of when the decision to leave was made. Those who leave after the effective date of the statute would have to wait until the final judgment to receive their contributions, but such a delay does not amount to irreparable harm (see *Metropolitan Package Store Assn. v Koch, supra*). If, however, petitioner is incorrect on the merits and the validity of the statute is upheld, nonvested Tier III employees who leave State service after the effective date of the statute would not be entitled to immediate receipt of their contributions. With such facts prevailing, a preliminary injunction would deprive respondents of the statutory right to retain the contributions of a nonvested Tier III employee who leaves State service after the effective date of the statute, while providing

---

[*] A separate petition was also filed by J. Michael Collins, basically seeking the same relief as petitioner. This proceeding was consolidated with that of petitioner.

the employee with a benefit to which he is not entitled. It is apparent, therefore, that, without a preliminary injunction, no irreparable harm will be done to petitioner or those it represents in the event that petitioner is correct on the merits of its challenge to the statute, but that substantial harm will be done to respondents by a preliminary injunction if petitioner is incorrect on the merits. That some nonvested Tier III employees may have opted to leave State service prior to the effective date of the statute, rather than remain in State service and risk the possibility that petitioner may lose on the merits of its challenge to the statute, does not, in our view, constitute irreparable harm. In any event, since the statute has now become effective, nonvested Tier III employees are no longer confronted with such a choice. Rather, they must await the outcome of this action on its merits. Under these circumstances, it was an abuse of discretion for Special Term to grant the preliminary injunction and its order must be modified accordingly. Order modified, on the law and the facts, by deleting so much thereof as enjoined respondents from enforcing subdivision c of section 613 of the Retirement and Social Security Law, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.