[632 NYS2d 725]

H. Carl McCall, as Comptroller of the State of New York, et al., Respondents, v State of New York et al., Appellants, et al., Defendant. (Action No. 1.)

Edward W. Guzdek, Individually and as President of the Police Conference of New York, Inc., et al., Respondents, v State of New York, Appellant, et al., Defendant. (Action No. 2.)

Third Department, October 26, 1995

### APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Peter G. Crary, Victoria A. Graffeo, Peter H. Schiff* and *Lisa LeCours* of counsel), for appellants.

*Paula L. Chester,* Albany *(Kristina A. Burns* of counsel), for H. Carl McCall and others, respondents.

*Paul, Weiss, Rifkind, Wharton & Garrison,* New York City *(Max Gitter, Claudia L. Hammerman, John F. Baughman* and

*H. Christopher Boehning* of counsel), for Dorothy L. Faragher and others, respondents.

*John F. Black,* Albany, for New York State and Local Retirement System, respondent.

*Dreyer, Boyajian & Tuttle,* Albany *(James B. Tuttle* of counsel), for Edward W. Guzdek and others, respondents.

*Peter Henner,* Albany, for Retired Public Employees Association Inc., *amicus curiae.*

*Nancy E. Hoffman,* Albany, for Civil Service Employees Association Inc., *amicus curiae.*

*Altman & Plaine,* Albany *(Frederick M. Altman* of counsel), for Retired Teachers Association Inc., *amicus curiae.*

*Janet Axelrod,* Albany *(Paul D. Clayton* of counsel), for National Education of New York, *amicus curiae.*

**OPINION OF THE COURT**

YESAWICH JR., J.

At issue in these actions is legislation, signed into law on July 1, 1995, which, *inter alia,* increases the retirement benefits paid to certain former public employees by the State and Local Employees' Retirement System (hereinafter ERS) and the State and Local Police and Fire Retirement System (hereinafter PFRS) *(see,* L 1995, ch 119). The law (hereinafter chapter 119) increases the supplemental allowances *(see,* Retirement and Social Security Law §§ 78, 378) paid to pensioners who retired prior to 1983, and provides such supplements for the first time to those who retired between 1983 and 1989 *(see,* L 1995, ch 119, §§ 1-12). In addition, it directs plaintiff Comptroller—who, in his role as the systems' administrator and trustee, is charged with calculating the amount that must be contributed each year by the municipal employers whose employees are members of the systems—to credit those employers with a total of $230 million toward the payments required of them *(see, id.,* at § 13).

The granting of this credit is apparently linked to a decision striking down, as unconstitutional, an earlier budget-balancing program *(see, McDermott v Regan,* 82 NY2d 354, 360), whereby the Legislature had attempted to force the Comptroller to fund the benefit obligations of the ERS and PFRS in a less conservative manner *(see, supra,* at 359; L 1990, ch 210). When that law was invalidated, the Comptroller devised a

plan to gradually restore the systems' assets, which had dwindled as a result of several years of decreased contributions. The plan requires that the municipal employers make payments, this year, of $230 million ($110 million of which is to be paid by the State). Faced with this requirement, and having difficulty balancing the State budget, the lawmakers enacted chapter 119, which accords the affected employers a credit equivalent to the amount they would otherwise have been compelled to contribute to the systems' Common Retirement Fund, pursuant to the Comptroller's plan, and directs that the $230 million be taken instead from the Supplemental Reserve Fund, an actuarially separate portion of the Common Retirement Fund intended to secure the systems' ability to pay supplemental allowances in the future (see, Retirement and Social Security Law § 78 [e]; § 378 [e]).

In these actions, plaintiffs challenge the constitutionality of the credit mechanism (embodied in section 13 of chapter 119), which they characterize as a "raid" on the pension fund, as well as that of section 16 of chapter 119, which conditions the commencement date of the benefit increase on the existence, and outcome, of any litigation challenging section 13 (see, L 1995, ch 119, § 16). Specifically, section 16 provides that if no action is commenced during the brief limitations period it establishes, the supplemental allowances are to be increased as of September 1995, but if a suit is brought challenging the credit provision—as has occurred—the increase is to be delayed, with the extent of the delay dependent on the outcome of the litigation. Plaintiffs contend that this is an illegal attempt to insulate section 13 from any constitutional challenge, or to "punish" the retirees for bringing such a challenge.

After issue was joined and these two declaratory judgment actions, which seek similar relief, were consolidated, plaintiffs sought a preliminary injunction staying enforcement of section 16 and mandating payment of the supplemental retirement allowances beginning in September 1995. Supreme Court granted plaintiffs' motion, prompting this appeal.[1]

To establish entitlement to the provisional remedy they seek, plaintiffs must demonstrate that they are likely to succeed on the merits, that they will be irreparably harmed

---

1. Supreme Court's order was automatically stayed by operation of CPLR 5519 (a) (1) upon defendants' filing of a notice of appeal. A motion to vacate that stay has since been denied.

during the pendency of the litigation if preliminary relief is not awarded, and that the balance of equities tips in their favor *(see, Doe v Axelrod,* 73 NY2d 748, 750-751). Because plaintiffs have not shown that denial of their request will cause them to suffer any injury which is not compensable by money damages, we reverse.

Plaintiffs contend that section 16 of chapter 119 improperly conditions the receipt of benefits upon the waiver of their constitutional right to petition the courts for redress, and that such an impairment is all that need be shown to establish irreparable injury *(see, e.g., Mitchell v Cuomo,* 748 F2d 804, 806). Even assuming, for the sake of argument, that plaintiffs have established a likelihood that they will succeed in demonstrating that section 16 is constitutionally infirm—a determination with respect to which we need not, and do not, express any opinion at this juncture—that fact is not sufficient to justify the issuance of a preliminary injunction, for section 16 does not directly prevent them from bringing suit *(see, Costello v McEnery,* 767 F Supp 72, 77-78, *affd* 948 F2d 1278, *cert denied* 504 US 980), but merely requires, as a condition of their exercise of the right to do so, that they forfeit certain monetary benefits. As this loss—the only detriment that plaintiffs have actually suffered—can be fully redressed by a monetary award, should their challenge succeed, preliminary injunctive relief is not warranted *(see, SportsChannel Am. Assocs. v National Hockey League,* 186 AD2d 417, 418; *Matter of Public Empls. Fedn. v Cuomo,* 96 AD2d 1118, 1119).[2] If chapter 119 is eventually construed, as plaintiffs maintain it must be, so as to mandate that the supplemental allowances be paid beginning in September 1995, plaintiffs can be compensated for the intervening delay by an order directing the payment of the allowances retroactively *(see, Suffolk County Assn. of Mun. Empls. v County of Suffolk,* 163 AD2d 469, 471; *Savage v Gorski,* 850 F2d 64, 68; *compare, Medical Malpractice Ins. Assn. v Cuomo,* 138 AD2d 177, 186-187, *revd on other grounds* 74 NY2d 651).

---

2. Several of the cases cited by plaintiffs are distinguishable on this basis, for they involved situations where the challenged action directly prohibited or impaired the exercise of a constitutional right *(see, Parents' Assn. v Quinones,* 803 F2d 1235, 1242; *Mitchell v Cuomo, supra,* at 806; *Harrison & Burrowes Bridge Constructors v Cuomo,* 743 F Supp 977, 996), or where the loss of monetary benefits was likely to cause other irremediable harm *(see, Sockwell v Maloney,* 554 F2d 1236, 1237).

As for plaintiffs' argument that irreparable harm is manifest because it is highly probable, given the advanced age of the retirees, that many of them will die before receiving the supplemental allowances, it suffices to note that if such an allegation were sufficient to demonstrate irremediable injury, that requirement would be satisfied in virtually every case, for any individual plaintiff bears the risk that he or she may expire before the matter is resolved. Absent extraordinary circumstances, not shown to be present here, a mere delay in payment of an additional benefit—significantly, the retirees' current benefits are not diminished by the challenged legislation—though it may affect a person's quality of life in the interim, is simply not the kind of injury that warrants the awarding of equitable relief (see, Matter of Public Empls. Fedn. v Cuomo, supra, at 1119).

MIKOLL, J. P., CREW III, WHITE and SPAIN, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and motions denied.