OPINION OF THE COURT
Lewis R. Friedman, J.
*809 Plaintiff moves by order to show cause for a preliminary injunction staying the tender offer for the shares of defendant Starrett Corporation by nonparty Startt Acquisition, Inc.
The order was presented for signature to a Justice of this court, not assigned to the Commercial Division, at 8:00 a.m. yesterday, without having the papers processed either by the Ex Parte Support Office or the Commercial Division Support Office. The application was not made on notice to counsel for Starrett, even though plaintiff knew the law firm that had been representing Starrett during the negotiations. The temporary restraints preclude Starrett from taking any steps with respect to the sale of the shares to any person including but not limited to, the commencement of a tender offer on Thursday, October 23, 1997. Startt was not made a party to this action, even though its identity was known, and the effect of the temporary restraining order was to preclude the commencement of the tender offer which had already been publicly announced and that, therefore, was required to be commenced no later than October 23, pursuant to Federal statutes and regulations.
As the court noted to the parties at the oral argument of this motion this morning there is no doubt that plaintiff was aware that this transaction was in progress at least since October 9, and the underlying issues were known at least since mid-August. Plaintiff’s position, in brief, is that it had a binding enforceable merger agreement with Starrett dated August 11, 1997, and that on August 20 Starrett breached that agreement by announcing its termination of the agreement for plaintiff’s alleged failures to meet certain conditions. Starrett contended that the financing commitment letter plaintiff eventually produced from First Boston was subject to conditions which Starrett found to be unacceptable and not in conformity with the merger agreement. After the breakdown of the August 11 deal, there were further negotiations between the parties and eventually Starrett decided to offer the shares to another bidder. Startt is offering to buy the shares for the same price that plaintiff had offered, $12.25 per share, but, according to Starrett, there is a better financing package in place which increases the likelihood that the deal will actually close.
The law on motions for preliminary injunctions is clear. The moving party must show a likelihood of success on the merits, irreparable harm if the injunction is not issued, and a balancing of the equities in its favor (Grant Co. v Srogi, 52 NY2d 496, 517). In this case the court does not find that the issue is even *810 close since there is no irreparable harm that can result if the injunction is not issued. Here the merger agreement, the breach of which is the heart of plaintiffs case, contains a clause limiting the parties to a claim for damages in the event that Starrett breaches the merger agreement. Plaintiffs principal acknowledges that this clause will give rise to a claim for damages, even if the breach by Starrett was willful. As the parties agreed at oral argument, the merger agreement does not contain the usual provision by which parties agree that there would be irreparable harm in the event of a breach and by which they consent to the issuance of an injunction. Clearly the court cannot find irreparable harm where the parties have agreed that damages, whether limited or liquidated, are adequate. It is clear that "plaintiff should be denied an injunction where it lacks equitable standing to obtain affirmative equitable relief’ (Fischel & Co. v Macy & Co., 20 NY2d 180, 187). There is no doubt that damages could be computed and, therefore, there is no basis for an injunction (SportsChannel Am. Assocs. v National Hockey League, 186 AD2d 417, 418; McCall v State of New York, 215 AD2d 1, 5; cf., Zell/ Merrill Lynch Real Estate Opportunity Partners Ltd. Partnership III v Rockefeller Ctr. Props., 1996 WL 125643, 6 [US Dist Ct, SD NY, Mar. 21, 1996, Keenan, J.]).
There is at best a dispute on the merits of the case since it is clear that the merger agreement with plaintiff required the approval of two thirds of the shareholders and that consent was never obtained. It appears that more than 50% of the shareholders are committed to the deal with Startt and are adamantly opposed to the merger with plaintiff. Thus plaintiff could never consummate a merger with Starrett, in any event. Plaintiff does not allege that the necessary shareholder approval is even possible.
The court does not find that the equities tip in plaintiff’s favor. If the injunction is denied plaintiff is able to rely on its contractual rights for damages, if any. On the other hand Startt has already made a public announcement and would be prejudiced by any further obstruction of its tender. In addition the shareholders are entitled to the completion of the merger as previously announced. The public share price is currently based on the announced deal with Startt. If that falls through, because of this injunction, and as expected the deal with plaintiff continues in limbo for some time, the shareholders would not be able to make the decision to maximize the value for their shares. The court notes that this proceeding was *811 delayed until the last day to interfere with the Startt deal, even though the facts were known to plaintiff in ample time for this to be litigated in the proper course. Thus, the laches on plaintiff’s behalf does not convince the court that the equities lie in its favor (SportsChannel Am. Assocs. v National Hockey League, supra, at 418).
The court notes that this action must join Startt as a party and the practice of attempting to enjoin Startt, without naming them, is, at best, sharp practice. Plaintiff could easily have retained counsel prior to October 21, 1997. It was well represented by counsel at all times during these proceedings. This action could readily have been commenced sooner.
The motion for a preliminary injunction is denied. In light of the time pressure caused by this belated motion the court has this day faxed a copy of this decision to counsel for both parties and Startt. The stay in the order to show cause is vacated.