STARRETT ACQUISITION, INC., Appellant-Respondent, v STARRETT CORPORATION, Respondent-Appellant. [710 NYS2d 327] —Order, Supreme Court, New York County (Barry Cozier, J.), entered July 14, 1999, which, in an action arising out of plaintiff's failed attempts to acquire defendant, insofar as appealed from, sustained the first cause of action and dismissed the second and third causes of action, unanimously affirmed, with costs.

Concerning the first cause of action for breach of the August

Merger Agreement, there is no merit to defendant's contention that plaintiff's lender's letter did not constitute a commitment to finance the transaction. The fact that plaintiff was asked by the lender to indicate its acceptance of the letter's terms and conditions by executing an acknowledgment and remitting an additional fee, i.e., that plaintiff retained the option of rejecting the commitment letter, did not render it ineffective (*see*, *Livoti v Mallon*, 81 AD2d 533, *lv denied* 54 NY2d 601). Nor is there merit to defendant's contention that, assuming there was a commitment, it lapsed because plaintiff did not execute an acknowledgment and remit the additional fee by 5:00 P.M. on August 20, 1997, at which time the letter, by its terms, was to expire. Defendant does not refute plaintiff's president's sworn statement that the lender "continued to honor its agreement to provide the financing under the August 20th Commitment" after the 5:00 P.M. deadline had passed. There is no dispute that the letter was timely delivered to defendant on the final day of the commitment period.

Issues of fact do remain, however, as to whether the commitment letter, which defendant rejected as not "reasonably acceptable" because it covered only the debt financing portion of the August Merger Agreement, not the equity financing, and contained various conditions that had to be satisfied before the lender would provide any funding at all, should have been reasonably acceptable to defendant. This in turn raises an issue as to whether defendant's termination of the August Merger Agreement was wrongful. As the IAS Court noted, the record is "patently insufficient" to permit a finding as to exactly what should have constituted a reasonably acceptable commitment.

We note that there is no need to dismiss plaintiff's allegation that defendant breached "the implied covenant of good faith and fair dealing," since the allegation is not stated as a separate cause of action but is subsumed under the first cause of action for breach of contract.

The second cause of action was properly dismissed as barred by the Statute of Frauds. The draft "agreement and plan of merger" that was enclosed in the September memorandum circulated to plaintiff and other interested parties clearly indicated that a "sale of securities" (*see*, UCC former 8-319 [a]) was to be an integral part of the proposed merger agreement. Thus, the "tender offer" and the proposed merger agreement that encompassed that offer fell within the writing requirement of the UCC provision. Since the record demonstrates that plaintiff's "part performance" was concededly in response to an invitation to submit a binding proposal that it and other

interested parties had received, it cannot be said that its actions were "unequivocally referable" to the alleged oral agreement between its and defendant's principals (*see, Anostario v Vicinanzo*, 59 NY2d 662, 664).

The IAS Court also properly dismissed the third cause of action for liquidated damages and reasonable expenses. We reject plaintiff's argument that defendant's termination of the August Merger Agreement excused plaintiff's need to itself terminate the August Merger Agreement in order to invoke the liquidated damages provision on account of defendant's purported violation of the "no-shop" clause. Indeed, plaintiff expressly affirmed the August Merger Agreement after its termination by defendant, electing to treat it as operative in an attempt to compel defendant's compliance.

The IAS Court's treatment of defendant's motion to dismiss for failure to state a cause of action as one for summary judgment, without having given the parties notice of its intent to do so, is of no consequence and any error with respect thereto is harmless since plaintiff does not dispute that no further factual submissions were required to dispose of the legal issues (*see, Shah v Shah*, 215 AD2d 287, 289). Concur—Nardelli, J. P., Ellerin, Lerner, Buckley and Friedman, JJ. [*See,* 174 Misc 2d 808.]