■ WILHELMINA MODELS, INC., Respondent, v IMAN ABDULMAJID et al., Appellants.—Order, Supreme Court, New York County, entered May 19, 1978, granting plaintiff's motion for preliminary injunction, is unanimously reversed, on the law and the facts, and in the exercise of discretion, and the motion is denied, without costs and without disbursements, on appeal. By its terms, the preliminary injunction expired on October 18, 1978, three months before this case was submitted to us. But as a $1,500 undertaking was furnished in connection with the preliminary injunction, we think the issue of the propriety of the injunction should not be treated by us as moot. (Cf. *Margolies v Encounter, Inc.,* 42 NY2d 475.) Coming now to the merits of the preliminary injunction, as Special Term said, "plaintiff has not clearly shown at this point that it will be irreparably harmed in the absence of injunctive relief." The court nevertheless granted the preliminary injunction, primarily in reliance upon the decision of this court in *King Records v Brown* (21 AD2d 593), and the fact that the contract in the present case as in the *Kings Records v Brown* case recited that the defendant Iman Abdulmajid's (hereinafter defendant model) services are extraordinary and unique and that there is no adequate remedy at law for the breach of the agreement and that in the event of breach or threatened breach, plaintiff should be entitled to equitable relief by way of injunction or otherwise. We do not think that *King Records v Brown (supra),* requires the grant of preliminary injunction merely because of these circumstances. The uniqueness of defendant model's services would seem to be somewhat diluted by the fact that plaintiff apparently requires all of the models it manages to sign contracts with such recitations; the contract is obviously a form contract. Insofar as defendant model's services are "unique," in the sense that she looks like herself and not somebody else and is very popular, that uniqueness is not vis-à-vis plaintiff but vis-à-vis the photographers and commercial organizations who hire the model. Vis-à-vis plaintiff, defendant model is simply one of a number of models whom plaintiff manages, some of whom are in the same price category as defendant model, and as to whom plaintiff's interest is not in having the model render services to plaintiff but rather in plaintiff's receiving commissions from the compensation for the services that defendant model renders to third persons. Furthermore, unlike *King Records v Brown (supra),* the defendant model does not render any services to plaintiff nor does plaintiff pay the defendant model. It is quite the other way around. Plaintiff renders services to defendant model as manager and defendant model pays plaintiff. Thus damages would appear to be an adequate remedy. Concur—Evans, J. P., Sandler, Sullivan, Lane and Silverman, JJ.