■ GULF & WESTERN CORPORATION, Respondent, v NEW YORK TIMES COMPANY et al., Appellants. — Order, Supreme Court, New York County, entered January 23, 1981, which, to the extent appealed from, enjoined, *pendente lite,* the defendants from making any further sales, distribution or printing of any reprinted hardcover copies of the book "La Technique" and denied the cross motion by defendants the New York Times Company and Crown Publishers, Inc., to dismiss the action as to them, unanimously reversed, on the law and the facts, motion for preliminary injunction denied and complaint dismissed against the New York Times Company and Crown Publishers, Inc., with costs. Bookthrift, Inc. (Bookthrift), a division of plaintiff Gulf & Western Corporation (G&W), and Quadrangle/the New York Times Book Company, Inc. (Quadrangle), entered into a letter agreement dated December 8, 1977, which provides in pertinent part: "This letter will confirm my conversation with John Gallagher concerning our agreement

with respect to your option to require Bookthrift, Inc. to purchase certain copies of the book LA TECHNIQUE by Jacques Pepin (the 'Work') published by you at $25.00. The terms of our agreement are as follows: 1. Upon written notice from you given at any time or times during the eighteen month period beginning November 22nd, 1977, we agree to purchase up to an aggregate of up to 10,000 hardcover copies of the Work from you. Upon receiving any such notice, we will advise you of the location to which you are to deliver such copies of the Work. *** 3. In order to induce us to enter into this Agreement, we agree that you will not remainder any copies of the Work during the period from the date of this letter until one year from the date that you last give us notice of a required purchase under this agreement. 4. This will confirm that you have granted us a right of first refusal with respect to reprint rights for hardcover copies of the Work." In 1980 Quadrangle sold Outlet Book Company, Inc., 35,000 reprinted copies of the subject book, without giving Bookthrift an opportunity to exercise a right of first refusal. Plaintiff contended that Quadrangle had breached the letter agreement, since it did not honor the right of first refusal granted in paragraph 4. The paragraph itself contains no termination date, and plaintiff therefore claims that it is independent of any other time limitation in the agreement. Quadrangle contends that the plaintiff's right of first refusal had terminated in May, 1979, when the option period, as specified in paragraph 1, had expired and that the right of first refusal was only created if and when Quadrangle exercised the option. Special Term agreed with the plaintiff and granted the preliminary injunction, finding that the plaintiff demonstrated a likelihood of ultimate success on the merits. We find the terms of the agreement concerning the right of first refusal to be ambiguous. Substantial questions exist as to the construction of paragraph 4, which the record further complicates by conflicting allegations concerning the intent of the parties and custom in the publishing trade. The preliminary injunction should not have been issued. "It is well established that the drastic remedy of a temporary injunction is not to be granted unless a clear right thereto is established by the moving papers *(Park Terrace Caterers v. McDonough,* 9 AD 2d 113). The plaintiff's rights must be certain as to the law and the facts and the burden of establishing such an undisputed right rests upon the plaintiff *** In the absence of a clear right to the relief demanded, injunctive relief should not be granted until the issues have been fully explored and the entire matter resolved after plenary trial." *(Town of Southeast v Gonella,* 26 AD2d 550). Furthermore, on this record, plaintiff has not clearly shown that it will be irreparably harmed in the absence of injunctive relief and that it has no adequate remedy at law *(Wilhelmina Models v Iman Abdulmajid,* 67 AD2d 853), nor has it clearly shown that "the balance of convenience and relative hardship — the harm to plaintiff from denial of the injunction as against the harm to defendant from granting it" tips in plaintiff's favor. *(Edgeworth Food Corp. v Stephenson,* 53 AD2d 588.) The court also erred when it did not dismiss the underlying action against the New York Times Company and Crown Publishers, Inc. Neither are parties to the letter agreement. Crown and Outlet are affiliated, as are the Times and Quadrangle. However, they are separate corporations and no facts have been offered on which liability may be predicated. A parent or affiliated corporation will not be held liable for the contractual obligation of a subsidiary or affiliate, unless it is exercising complete domination and control in that matter *(Musman v Modern Deb,* 50 AD2d 761). Concur — Ross, J.P., Carro, Bloom, Fein and Lynch, JJ.