OPINION OF THE COURT
Seymour Schwartz, J.
Plaintiffs move for a preliminary injunction, pursuant to CPLR 6301. Plaintiffs are tenants of 1045 Park Avenue and defendants are sponsors of a co-op conversion plan involving that apartment building. Plaintiffs seek to enjoin defendants from any further sales of shares and to enjoin all other acts in furtherance of the conversion plan, pending the determination of the underlying action for declaratory judgment. (One of plaintiffs’ causes of action seeks damages.) Defendants cross-move for summary judgment.
Defendants have instituted a noneviction co-operative conversion plan. Such a conversion requires 15% of the tenants in occupancy to agree to purchase apartments *340 before the plan can be put into effect. When the 15% is obtained, the plan goes forward but tenants who do not wish to purchase may remain in their apartments as tenants. The tenants’ association found numerous aspects of the plan misleading or deficient. Specific complaints were sent to defendants and to the Attorney-General’s office, whose approval for filing was required under section 352-e of the General Business Law before the plan could go forward. In response to the association’s comments, the plan was amended three times and was accepted for filing by the Attorney-General. The tenants remain dissatisfied with the plan and have instituted this action for relief.
To succeed in an action for a preliminary injunction, plaintiffs must satisfy a three-pronged test: likelihood of success on the merits, irreparable harm during pendency of the action and a balance of equities in their favor. (Gulf & Western Corp. v New York Times Co., 81 AD2d 772, 773.) Plaintiffs have not satisfied these requirements.
An examination of plaintiffs’ possibility of success on the merits is unnecessary at this time because plaintiffs’ motion can be disposed of on a simpler ground — failure to demonstrate that they will incur irreparable harm, absent an injunction. The merits of the underlying action will, however, be addressed subsequently in deciding defendants’ cross motion for summary judgment.
In this action, plaintiffs seek a declaration of (a) their rights with regard to certain tax issues involved in the conversion plan, (b) enjoining further sales of apartments and (c) that the plan be required to set forth the true physical conditions of the building. (In addition, plaintiffs seek damages for harassment.) Pending determination, plaintiffs seek to enjoin all further acts towards conversion so that they may retain their rights during this period.
Under this noneviction plan, tenants may remain in their apartments if they choose not to buy. They contend, however, that until issues in the declaratory judgment actions are settled, they will not be able to make a fully informed decision on whether to buy. Either they buy now and risk potentially adverse effects of a declaratory judgment they contend or lose their opportunity to buy at *341 lower, insider prices by allowing the exclusive insider buying period to pass without buying. Irreparable harm, plaintiffs argue, may result from either choice.
Clearly, the decision to invest large amounts of money in an apartment is an important one. One who makes such an investment only to learn later that conditions were not as expected, may well be harmed. This does not end the inquiry, however, since the harm must be irreparable. A purchaser may be able subsequently to resell the apartment recouping the investment and thus remedying most, if not all the harm. Moreover, and more important, if a tenant is concerned about potential problems with the apartment, he can simply refrain from purchasing until the underlying issues are resolved. This brings us to an examination of the harm to a nonpurchaser — lost opportunity to buy at insider prices which are lower than those offered to nontenants. Again, irreparable harm is the issue and it is not demonstrated here. Tenants have a cause of action for money damages if their loss is found to have been caused by defendants. The harm to such tenants, if any, is a pecuniary one and determining the amount of damages is feasible. Thus, while there may be harm, it is not irreparable harm and, therefore, a preliminary injunction does not lie.
Plaintiffs have also failed to satisfy the equity-balancing prong of the preliminary injunction test. They have not demonstrated that the harm which would result to them in the absence of an injunction is greater than that incurred by defendants if there were an injunction.
Defendants cross-move for summary judgment on each of plaintiffs’ four causes of action. The first cause of action seeks a judgment declaring the rights of the respective parties in connection with the issuance of shares for professional apartments and a judgment declaring the rights of the respective parties in connection with a proposed capital contribution of the sponsor and its possible impact on tax deductibility. This appears to be more in the nature of a request for advice on legal questions, the province of private attorneys, rather than a request for declaratory relief appropriate for the court. Accordingly, the first cause of action is dismissed.
*342 Plaintiffs’ second cause of action seeks to enjoin defendants from any acts which would further implement the conversion plan and enjoin further sales. The defendants have represented that they will do what is necessary to preserve the tax deduction which comes with compliance with the “80/20% rule.” This rule refers to the building’s proportion of residential to professional apartments necessary to secure the benefit of a tax deduction. Plaintiffs state that they would be harmed if the tax deduction were not preserved prior to the purchase of shares.
Plaintiffs are not entitled to the relief requested. While the sponsor has said it would try to preserve the tax status, it is under no legal obligation to do so even if it could. Moreover, plaintiffs, if unwilling to take the risk of buying apartments can wait until the tax issues are settled before attempting to purchase.
Defendant sponsor’s legal obligations are limited to accurate disclosure of potential risks of purchase. It is not required to eliminate those risks.
In its third cause of action, plaintiffs seek a declaration that the sponsor be required to issue an amendment disclosing the various building conditions that exist and have not been disclosed in the black book. As required by section 352-e of the General Business Law, sponsor submitted the plan and amendments to the New York Attorney-General, who approved it for filing. When the challenge to such approval is based on alleged nondisclosures, an article 78 proceeding against the Attorney-General is the exclusive remedy (Shumann v 250 Tenants Corp., 65 Misc 2d 253). However, where the allegations are of misrepresentation, the challenge need not be brought in an article 78 action. (Ibid.) “Nondisclosure” in the above context refers to failure to include particular required items in the plan. The Attorney-General’s function is to ascertain that those items are included, but there is no determination as to their accuracy at this point.
Here, sponsor clearly has included the necessary section concerning building conditions. Plaintiffs’ contention is not that such a section was omitted, but that some specific poor building conditions were omitted. This claim is more in the *343 nature of one for misrepresentation than for nondisclosure. Hence, contrary to defendant’s assertion, an article 78 action is not the exclusive remedy here and this is a proper form in which to bring this action. Questions of fact remain with regard to building conditions as they exist as compared with those disclosed in the black book. Therefore, summary judgment on this cause of action is denied.
Plaintiffs’ fourth and final cause of action alleges harassment by defendants and seeks damages of $500,000. Under section 352-eeee of the General Business Law, it is unlawful to engage in any conduct which substantially interferes with or disturbs a tenant’s comfort, peace or quiet. Plaintiffs allege numerous instances of harassment including, but not limited to, returned rent checks and threatened evictions. Defendants state that these were situations where the landlord took legal action against tenants who failed to pay rent, illegally sublet their apartments or otherwise violated their leases. Summary judgment for defendants cannot be granted because factual questions remain regarding precisely what was involved in the alleged instances of harassment.
Plaintiffs’ motion for injunctive relief is denied.
Defendants’ cross motion for summary judgment is granted as to the first two causes of action but denied as to the third and fourth causes of action.