■ 577 BROADWAY REAL ESTATE PARTNERS, Appellant, v MICHAEL J. GIACINTO et al., Respondents.—Order of the Su-

preme Court, New York County (Harold Tompkins, J.), entered September 19, 1991, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, without costs.

Plaintiff is the owner of a five-story building containing 7 residential units and, therefore, subject to regulation as an interim multiple dwelling pursuant to article 7-C of the New York Multiple Dwelling Law (Loft Law). Defendant Michael Giacinto is the tenant of the second floor of the building. Defendant Daniel Lopez Venture is a subtenant or occupant residing in a subdivided portion of the second floor. Plaintiff contends that Venture's tenancy is unauthorized and that Giacinto does not occupy the premises as his primary residence.

In August 1991, a summary holdover proceeding was commenced by plaintiff in Civil Court to terminate Giacinto's tenancy on nonprimary residence grounds. That same month, Giacinto filed a Sales of Improvements Disclosure Form with the Loft Board, disclosing his intention to sell the fixtures in his unit to Venture. Plaintiff thereupon commenced this action seeking a permanent injunction against the sale of fixtures in the subject unit to Venture and a declaration that Giacinto is prohibited from transferring ownership of the fixtures in the event plaintiff is able to establish that the premises are not occupied by Giacinto as his primary residence.

Nothing in section 286 (6) of the Multiple Dwelling Law suggests that it was intended to apply only to an outgoing tenant who occupies a loft unit as a primary residence. The statute is remedial in nature and is calculated to avoid a windfall to the owner which would result if improvements made by a tenant were permitted to revert to the owner without compensation *(Krax Peripatie Apanu Stu Krokodrilos Tus Platos v Dexter,* 124 Misc 2d 381, 383).

As a remedial act, the statute is subject to liberal construction to advance the remedy (McKinney's Cons Laws of NY, Book 1, Statutes § 321). The relevant consideration is, therefore, whether the tenant made or purchased the improvements (New York City Loft Board Regulations [Relating to Sales of Improvements] [hereinafter Loft Board Regulations] § I [A]). Occupancy of the premises as a primary residence at the time of the sale is simply not germane under the statute, the intent of which is to avoid unjust enrichment. Upon a proposed sale of fixtures by a tenant to an incoming tenant, the law provides that the owner may purchase the fixtures or challenge the proposed sale on the ground that the offer to

sell is not bona fide, that the price exceeds the fair market value of the improvements, that improvements have been partially or wholly purchased by the owner or that the prospective tenant is unsuitable (Loft Board Regulations § IV [B]).

It must be presumed that omission of any provision in the Loft Law requiring that the outgoing tenant occupy the unit as his primary residence in order to be able to sell fixtures and improvements was entirely intentional. The court cannot, by implication, supply a provision which the Legislature may reasonably be supposed to have intentionally omitted (McKinney's Cons Laws of NY, Book 1, Statutes § 363). Nor is *Vinicor v Brown* (158 AD2d 349, *lv denied* 76 NY2d 701), upon which plaintiff relies, to the contrary. That case holds only that protection of the Loft Law does not extend to a tenant who was not in occupancy of the residential Loft unit on June 21, 1982, the effective date of the Loft Law.

Plaintiff has failed to establish any likelihood of success on the merits so as to entitle it to injunctive relief *(Gulf & W. Corp. v New York Times Co.,* 81 AD2d 772). In addition, the Legislature has provided an exclusive statutory remedy, and plaintiff has set forth no ground upon which the court might conclude that the remedy at law is inadequate. Concur—Carro, J. P., Wallach, Kassal and Rubin, JJ.