(March 21, 2006)

■ In the Matter of HERBERT MOSKOWITZ et al., Appellants, v LORRAINE JORDEN, Respondent. [812 NYS2d 48]—

Order, Surrogate's Court, New York County (Renee Roth, S.), entered May 27, 2005, which, to the extent appealed from, denied petitioners' motion for summary judgment, unanimously modified, on the law, to grant the motion so as to dismiss the affirmative defense of the warranty of habitability and as to liability with respect to the claim for rent arrears and to award

such arrears in the amount claimed owing as of December 18, 2003, and otherwise affirmed, without costs, and the matter remanded for an assessment of the amount of rent arrears owing subsequent to December 18, 2003.

In this proceeding to collect rent arrears from the estate of a loft tenant, the Surrogate correctly determined that the estate was entitled to compensation for the sale of the tenant's improvements under Multiple Dwelling Law § 286 (6). The court was not required to accord deference to a contrary holding of the Loft Board, since the administrative determination turned solely on statutory interpretation, not specialized knowledge and understanding of operational practices or an evaluation of factual data and inferences to be drawn therefrom (*see Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal*, 5 NY3d 303, 312 [2005]). The right of sale does not depend on the executrix's use of the apartment as a primary residence. The purpose of the statute is to prevent owners from obtaining a monetary windfall if improvements reverted to the owners without compensation to the tenants who paid for them (*see 577 Broadway Real Estate Partners v Giacinto*, 182 AD2d 374 [1992]), a policy equally applicable when the tenant's estate seeks compensation. Possessory rights are grounded on different considerations (*cf. De Kovessey v Coronet Props. Co.*, 69 NY2d 448 [1987]; *Matter of Rubinstein v 160 W. End Owners Corp.*, 74 NY2d 443 [1989]).

However, the court should have dismissed the estate's warranty of habitability defense in the absence of notice of the defective conditions claimed. While a landlord may not require prior written notice of a defective condition before a tenant may invoke the warranty (*see Vanderhoff v Casler*, 91 AD2d 49, 51 [1983]), this does not mean that notice is not required (*see 330 E. 46th St. Assoc. LLC v Greer*, 5 Misc 3d 133[A], 2004 NY Slip Op 51451[U] [2004]; *Elijah Jermaine, LLC v Boyd*, 5 Misc 3d 131[A], 2004 NY Slip Op 51322[U] [2004]). The owners' knowledge of litigation involving other tenants and other claimed conditions did not provide notice of the particular conditions claimed by the executrix.

The court should have resolved the rent arrears claim, which we do upon our own search of the record, in the owners' favor. The claim for arrears owed as of December 18, 2003 was not denied, and the owners clearly explained and documented how the monthly rent had been determined. Possible discrepancies as to the amount owed do not present issues of fact precluding summary judgment (CPLR 3212 [c]; *see Dittman v Martin P. Andrews, Inc.*, 37 AD2d 914 [1971]; *Lomax v New Broadcasting*

*Co.*, 18 AD2d 229, 230 [1963]; *see also Republic of Haiti v Duvalier*, 211 AD2d 379, 387 [1995]). Summary judgment was properly denied with respect to the unpleaded, unsubstantiated and unexplained compliance pass along claim.

Contrary to the court's understanding, the owners' entitlement to attorneys' fees was predicated on the projection of the original lease terms onto the statutory tenancy (*see Matter of Duell v Condon*, 84 NY2d 773, 779 [1995]), but a determination of "prevailing party" status would be premature in light of the pending assessment of rent arrears and valuation of the apartment's improvements as a possible offset (*see Solow v Wellner*, 205 AD2d 339, 340 [1994], *affd* 86 NY2d 582 [1995]; *54 Greene St. Realty Corp. v Shook*, 8 AD3d 168 [2004], *lv denied* 4 NY3d 704 [2005]). Concur—Buckley, P.J., Andrias, Saxe, Friedman and Williams, JJ.