■ THE CADLE COMPANY, Appellant, v JAMES LISA, Respondent. [848 NYS2d 626]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered February 7, 2007, which denied plaintiff's motion for summary judgment in lieu of complaint with leave to renew, and sua sponte transferred the action to Civil Court, New York County, unanimously modified, on the law, the transfer vacated, and the matter remanded to Supreme Court, New York County, for consideration of the merits of the motion, and otherwise affirmed, without costs.

Plaintiff moved for summary judgment pursuant to CPLR 3213 to domesticate a $13,230.05 judgment obtained in Superior Court of New Jersey upon defendant's default. Supreme Court, in essence, transferred the matter to Civil Court pursuant to CPLR 325 (d). While Supreme Court may, in its discretion, remove an action without consent to Civil Court where it appears that the amount of damages sustained may be less than

demanded, Supreme Court may only do so where Civil Court would have jurisdiction but for the amount of damages demanded (CPLR 325 [d]). Where, as here, Civil Court may not have personal jurisdiction over the defendant, Supreme Court should not have transferred the action pursuant to CPLR 325 (d) (*see* Siegel, NY Prac § 27, at 30 [4th ed]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C325:4, at 362-363; *see also Rochester Tel. Corp. v Kirchner*, 97 Misc 2d 725, 726-727 [Sup Ct, Monroe County 1978, Pine, J.] ["While the Rochester City Court would have had jurisdiction over the subject matter of the instant action, service of process on the defendant in Massachusetts could not have secured personal jurisdiction by Rochester City Court over the defendant. Plaintiff's removal motion is therefore denied" (footnote omitted)]). Concur—Tom, J.P., Friedman, Williams, McGuire and Kavanagh, JJ.