[928 NE2d 393, 902 NYS2d 11]

In the Matter of CHARLA BIKMAN, as Administrator of the Estate of MINDA BIKMAN, Deceased, Respondent, v NEW YORK CITY LOFT BOARD, Appellant.

Argued February 16, 2010; decided April 1, 2010

**POINTS OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel,* New York City (*Marta Ross, Edward F.X. Hart* and *Diana Murray* of counsel), for appellant. The right to sell improvements under section 286 (6) of article 7-C of the Multiple Dwelling Law does not extend to the estate of a deceased tenant. (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222; *Matter of Purdy v Kreisberg,* 47 NY2d 354; *Sewell v City of New York,* 182 AD2d 469, 80 NY2d 756; *Matter of Amann v New York City Loft Bd.,* 262 AD2d 234; *Matter of 902 Assoc. v New York City Loft Bd.,* 229 AD2d 351; *Matter of Lower Manhattan Loft Tenants v New York City Loft Bd.,* 104 AD2d 223, 66 NY2d 298; *Matter of Moskowitz v Jorden,* 27 AD3d 305, 7 NY3d 783; *577 Broadway Real Estate Partners v Giacinto,* 182 AD2d 374; *De Kovessey v Coronet Props. Co.,* 69 NY2d 448.)

*Charla Bikman,* respondent pro se. I. The standard of review for error of law is whether there is an error of law. (*Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451; *Matter of Moskowitz v Jorden,* 27 AD3d 305; *Matter of Jorden,* 8 Misc 3d 789.) II. *Matter of Moskowitz v Jorden* (27 AD3d 305 [2006]) correctly ruled that the estate is entitled to compensation for the deceased tenant's fixtures and improvements under Multiple Dwelling Law § 286 (6). (*Matter of Jorden,* 8 Misc 3d 789; *577 Broadway Real Estate Partners v Giacinto,* 182 AD2d 374; *De Kovessey v*

*Coronet Props. Co.,* 69 NY2d 448; *Canelli Wine Co. v Tassi,* 88 Misc 573; *Axelrod v French,* 148 Misc 2d 42.) III. The Loft Law prohibits deregulation absent a sale of rights or improvements under Multiple Dwelling Law § 286. (*Spring Realty Co. v New York City Loft Bd.,* 69 NY2d 657; *Thorgeirsdottir v New York City Loft Bd.,* 161 AD2d 337.) IV. The estate of Minda Bikman was not a party to housing court litigation.

### OPINION OF THE COURT

JONES, J.

The question before this Court is whether the estate of a deceased loft tenant is entitled to recoup the value of improvements made by the tenant pursuant to Multiple Dwelling Law § 286 (6). We answer in the affirmative.

Decedent Minda Bikman became a resident of the subject Manhattan loft in 1974 and was the protected tenant under article 7-C of the Multiple Dwelling Law.[1] Minda died in 1997 and petitioner Charla Bikman, Minda's sister, represents the estate. During her tenancy, Minda improved the raw loft space by installing a kitchen and bathroom and making other alterations that, according to petitioner, are valued at more than $40,000. In 1981, the building was purchased by 595 Broadway Associates (Broadway). In 1999, after learning of Minda's death, Broadway sought a Civil Court judgment of possession and use and occupancy which it obtained in 2001. Subsequently, in 2001, Broadway applied to the Loft Board for an abandonment order pursuant to 29 RCNY 2-10 (f). The matter was transferred to the Office of Administrative Trials and Hearings and assigned to an Administrative Law Judge (ALJ) for adjudication. At the ensuing hearing, petitioner opposed Broadway's abandonment application, claiming that Broadway was not entitled to an abandonment order until such time as it reimbursed the estate for the value of the fixtures and improvements pursuant to Multiple Dwelling Law § 286 (6).

The ALJ recommended that Broadway's application be granted and that petitioner's claim be denied because Multiple

---

1. This article was enacted in response to a serious public emergency created by the increasing number of conversions of commercial and manufacturing loft buildings to residential use without compliance with applicable building codes and minimum health, safety and fire protection standards (*see* Multiple Dwelling Law § 280). This legislation, among other things, is meant to effectuate legalization of the loft buildings and at the same time protect loft residents from being forced to relocate (*id.*).

Dwelling Law § 286 (6) and 29 RCNY 2-09 (b) (1) expressly limit the right of sale to the occupant qualified for protection under the Loft Law. Therefore, the ALJ decided that the estate was not entitled to the value of improvements, as only the residential occupant is protected under the law. The Loft Board affirmed the findings of the ALJ that the unit had been abandoned and denied petitioner's request for reimbursement of the value of the improvements. Petitioner's application for reconsideration was denied and she commenced this CPLR article 78 proceeding.

Supreme Court annulled the Loft Board's determination (2007 NY Slip Op 30541[U]), holding that the proceeding was governed by *Matter of Moskowitz v Jorden* (27 AD3d 305 [1st Dept 2006], *lv dismissed* 7 NY3d 783 [2006]), which holds that the estate of a tenant who resided in a unit governed by the Loft Law was entitled to compensation for improvements pursuant to Multiple Dwelling Law § 286 (6). The Appellate Division affirmed Supreme Court's order annulling the determination of the Loft Board and concluded that it was error to grant Broadway's abandonment application without requiring a sale of the improvements and compensation to the estate (57 AD3d 448 [2008]).

Under Multiple Dwelling Law § 286 (6), a residential tenant may, subject to procedures established by the Loft Board, sell any improvement to a unit in a dwelling covered under this statute—made or purchased by him—to the owner of the premises or an incoming tenant.[2] In *Moskowitz*, the First Department rejected the statutory interpretation of Multiple Dwelling Law § 286 (6) by the ALJ which denied reimbursement to the estate. The court determined that prior Loft Board decisions on this issue were not entitled to deference because the issue was solely one of statutory interpretation, and "not specialized knowledge and understanding of operational practices or an evaluation of factual data and inferences to be drawn therefrom" (*Moskowitz*, 27 AD3d at 306, citing *Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal*, 5 NY3d 303, 312 [2005]).

---

2.  The Loft Board is an administrative body, consisting of representatives of the public, the real estate industry, loft residential tenants and loft manufacturing interests, all of whom are appointed by the mayor of a municipality. The duties of the Loft Board are set forth in Multiple Dwelling Law § 282 and include the determination of controversies arising over the fair market value of a residential tenant's fixtures.

We agree that the Loft Board's interpretation of Multiple Dwelling Law § 286 (6) is not entitled to deference as the issue is solely a matter of statutory interpretation. In construing this statute, we look to its legislative intent and conclude that section 286 (6) was enacted to prevent an owner from receiving unearned enrichment, thereby depriving compensation to the tenants who paid for the improvements (*see 577 Broadway Real Estate Partners v Giacinto*, 182 AD2d 374 [1st Dept 1992]). As such, it would be unfair to deprive the estate of the value of property which would have enured to the benefit of the tenant, had the tenant lived.

Based on the foregoing, we hold that Multiple Dwelling Law § 286 (6) permits the estate of a deceased tenant to recoup the value of fixtures and improvements made to the property.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed, with costs.