■ JILL GENSON, Individually and on Behalf of RANDY GENSON, an Infant, Appellant, v SIXTY SUTTON CORP., Respondent. [905 NYS2d 24]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered on or about October 19, 2009, which, to the extent appealed from as limited by the briefs, transferred all but the sixth cause of action to Civil Court, and in effect denied plaintiff compensation for breach of the warranty of habitability, unanimously affirmed, without costs.

Plaintiff, who was not a full-time resident of her cooperative apartment, was not entitled to compensation for breach of the warranty of habitability during a period in which she was not living there (*see Leventritt v 520 E. 86th St.*, 266 AD2d 45 [1999], *lv denied* 94 NY2d 760 [2000]), especially in light of her admitted inability to recall or document the amount of time she spent there before the mold infection allegedly prompted her to begin staying in hotels. Transfer of this matter to Civil Court (CPLR 325 [d]) was not an improvident exercise of discretion, since the "action was commenced in the Supreme Court and . . . the monetary jurisdiction of that court . . . will govern any recovery" (*Tobias v New York Hosp.*, 279 AD2d 374 [2001]), and

since Civil Court has subject matter jurisdiction over all transferred causes of action but for the amount in controversy (cf. *Cadle Co. v Lisa*, 46 AD3d 422 [2007]).

Supreme Court did not improperly exercise its discretion in severing and retaining the cause of action for a declaratory judgment, which focused solely on which party should be awarded the maintenance payments now in escrow, which is essentially a damages question. We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 32467(U).]**