OPINION OF THE COURT
Per Curiam.
Order, entered September 23, 2013, modified by (1) granting landlord’s motion for summary judgment to the extent of dismissing respondents’ affirmative defense and counterclaim for breach of the warranty of habitability and their counterclaim for attorney’s fees incurred in a prior holdover proceeding commenced by landlord, (2) granting landlord’s motion for summary judgment on the nonpayment petition to the extent that tenant’s indebtedness for the rent arrears prayed for is deemed a fact established for all purposes in the proceeding pursuant to CPLR 3212 (g), and (3) remanding the matter to Civil Court for issuance of an appropriate rent deposit order pursuant to RPAPL 745 (2).
This holdover summary proceeding, commenced in January 2013, seeks to recover over $52,000 in rent arrears dating back to July 2007. So far as appears from the summary judgment record, the rent deficiency stems from the parties’ long-standing dispute over the entitlement of tenant’s adult daughter, respondent Maritza Mercado, to assume or succeed to the tenant’s *61 stabilized leasehold, and more specifically from tenant’s insistence that landlord accept rent directly from Maritza and landlord’s refusal to do so.
The only legal defense to landlord’s rent claim set forth in the joint answer filed by tenant and Maritza, viz., petitioner landlord’s claimed breach of the statutory implied warranty of habitability (see Real Property Law § 235-b), should have been dismissed on summary judgment. Significantly, tenant made no mention in his affidavit below of any rent impairing conditions. And while the affidavit submitted by Maritza did identify several alleged apartment defects, no showing was made that she or anyone else ever notified the landlord or its agents of any such conditions; indeed, Maritza readily acknowledged that she intentionally refrained from doing so in order to avoid “causing] more trouble by raising repair issues.” The absence of the requisite notice of the alleged apartment defects is fatal to tenant’s habitability defense (see Matter of Moskowitz v Jorden, 27 AD3d 305, 306 [2006]). In this posture, and since tenant did not otherwise controvert the existence or amount of his rent indebtedness, we deem tenant’s rent liability established for all purposes in the proceeding (see CPLR 3212 [g]). We agree, however, that tenant’s equitable defense of laches is not subject to summary disposition. The circumstances and reasonableness of landlord’s delay in instituting this nonpayment proceeding must be more fully explored at trial before the bona fides of this defense are determined (see City of New York v Betancourt, 79 Misc 2d 907 [1974]).
We briefly address two ancillary issues. The court’s dismissal of tenant’s counterclaim for attorney’s fees incurred in defense of a prior holdover proceeding commenced by landlord should have been “with prejudice,” where landlord was awarded a possessory judgment on its earlier holdover petition, albeit a judgment which was permanently stayed (see Central Park W. Realty v Stocker, 1 Misc 3d 137[A], 2004 NY Slip Op 50058[U] [App Term, 1st Dept 2004]). Finally, landlord’s unopposed motion for issuance of a rent deposit order should have been granted, where more than 30 days have elapsed since the parties’ first court appearance herein and, so far as known, no adjournments were requested by landlord (see RPAPL 745 [2] [a]).
Lowe, III, P.J., Shulman and Hunter, Jr., JJ, concur.