133 W 145 LLC, Petitioner-Landlord-Appellant, 
against
Sean Tyree Davis, Respondent-Tenant-Respondent.



Landlord, as limited by its brief, appeals from that portion of a final judgement of the Civil Court of the City of New York, New York County (Dakota D. Ramseur, J.), entered on or about June 29, 2018, after a nonjury trial, which limited its recovery of rent arrears to the principal sum of $3,135 in a nonpayment summary proceeding.




Per Curiam.
Final judgment (Dakota D. Ramseur, J.), entered on or about June 29, 2018, modified by increasing landlord's recovery to the sum of $14,497; as modified, final judgment affirmed, without costs.
Even when "due regard" is given to the views of the trial judge (see Carmine Ltd. v Gordon, 41 AD3d 196, 199 [2007]), we believe that, under any fair interpretation of the record, a clear preponderance of the probative and credible evidence does not support an 85% rent abatement for the 19-month period in dispute. We note initially that the portion of the rent abatement awarded for lack of heat and a rodent issue in the apartment cannot be sustained, since tenant did not raise these conditions as a basis for an abatement at any point during the proceedings below. Nor was any competent evidence presented to support tenant's contention of faulty wiring in the apartment.
With respect to the other complained-of conditions (except the lack of gas service), tenant's testimony regarding notice to landlord was vague and unparticularized (see Matter of Moskowitz v Jorden, 27 AD3d 305, 306 [2006], lv dismissed 7 NY3d 783 [2006]). In the circumstances, we credit the documentary proof over tenant's nebulous testimony to establish the starting point of the abatement for the respective conditions. Specifically, we rely upon the December 13, 2016 violation with respect to the defective floor; tenant's August 29, 2017 affidavit (submitted in the prior nonpayment proceeding) with respect to the defective refrigerator; and the March 18, 2018 stipulation with respect to the defective stove and inadequate water pressure.
However, with respect to the lack of gas service, the trial evidence, including the testimony of landlord's managing agent, was sufficient to establish landlord's notice of this condition for the entire period at issue.
We have reduced the abatement accordingly.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 31, 2019