Andreas v 186 Tenants Corp. (2022 NY Slip Op 04883)

Andreas v 186 Tenants Corp.

2022 NY Slip Op 04883

Decided on August 09, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 09, 2022

Before: Renwick, J.P., Kapnick, Moulton, Kennedy, JJ. 

Index No. 156486/16 Appeal No. 15010-15010A-15010B Case No. 2020-04285, 2021-03332 

[*1]Geraldine Andreas, Also Known as Geri Andreas et al., Plaintiffs-Appellants,
v
186 Tenants Corp., et al., Defendants-Respondents. 

John A. Jasilli, New York, for appellants.
Alonso, Andalkar & Facher, P.C., New York (Mark J. Alonso of counsel), for respondents.

Judgment, Supreme Court, New York County (Alexander M. Tisch, J.) entered October 13, 2020, bringing up for review orders, same court and Justice, entered on or about August 7, 2019 and September 22, 2020, which, to the extent appealed from as limited by the briefs, granted the motion of defendant 186 Tenants Corp. to dismiss plaintiffs' cause of action for breach of the warranty of habitability and granted defendants' motion for partial summary judgment on the breach of contract counterclaim for the release of plaintiffs' withheld maintenance from escrow, unanimously affirmed, with costs. Aforesaid order entered September 22, 2020, which, to the extent the appeal is not subsumed in the appeal from the judgment, granted 186 Tenant Corp.'s motion for attorneys' fees and referred the matter to a referee, unanimously modified, on the law, to deny attorneys' fees to 186 Tenant Corp. without prejudice to renewal of the application at the conclusion of the litigation, and otherwise affirmed, without costs. Order, same court and Justice, entered April 29, 2021, which, to the extent appealable, granted defendants' cross motion to enjoin plaintiffs from withholding maintenance pendente lite, unanimously affirmed, with costs.
Plaintiffs, as shareholders of 186 Tenants Corp., are entitled to maintain negligence and breach of contract claims arising from the leaks in their apartment. However, the motion court correctly concluded that plaintiffs are not entitled to withhold maintenance pendente lite under the proprietary lease. Article II, paragraph fifteenth of the proprietary lease precludes setoff, diminution, or abatement of rent for property damage under the circumstances here. Contrary to plaintiffs' allegations, while Article I, paragraph third of the proprietary lease does provide an exception allowing for rent offsets in the case of "damages by fire or otherwise," this exception plainly does not apply here. The text and structure of Article I, paragraph third, referring in several instances to "damages by fire or otherwise," and describing the restoration obligations of Tenants Corp. in the event such damage occurs, leave no doubt that "damages by fire or otherwise" refers to sudden and singular incidents, like fire, which has the immediate impact of rendering an apartment untenantable. Indeed, Article I, paragraph third, mandates that Tenants Corp. immediately stop collecting maintenance when the "damages by fire or otherwise" are "so extensive as to render the apartment untenantable," and such prohibition is to end when "the apartment shall again be rendered tenantable." Thus, a recurring water intrusion is not the type of sudden event contemplated by the proprietary lease as excusing maintenance payments.
Moreover, the narrow interpretation of the term "damage by fire or otherwise" is supported by our prior interpretation of the analogous term "fire or other casualty." Consistent with our interpretation, herein, of the term "fire or otherwise[*2]," this Court has also found that when the term "fire," as employed in a lease, "is placed in the same category" with the term "casualty," it also clearly evidences a sudden damage-causing event like a fire. For instance, in 45 Broadway Owner LLC v NYSA-ILA Pension Trust Fund, in determining that the phrase "by fire or other casualty" in a lease agreement encompassed a "flood," this Court explained that the fact that term "other casualty" is placed in the same category as "fire" is relevant. Thus, the damage caused by corrosion would not itself be considered a casualty, [whereas] a sudden and unexpected flood such as the one that occurred here does" (107 AD3d 629, 631-632 [1st Dept 2013], lv denied 22 NY3d 852 [2013]). Conversely, in Blue Water Realty, LLC v Salon Mgt. of Great Neck, Corp. (189 AD3d 496, 497 [1st Dept 2020]), this Court found that a "Destruction, Fire and Casualty" clause of a commercial lease did not release the tenant from rent obligations based on leaks and flooding, which happened on a regular basis. We perceive no reason why the analogous phrases "by fire or otherwise" and "by fire or other casualty" should have different meanings within a clause in a proprietary lease permitting abatement of maintenance or rent.
The motion court also correctly granted summary judgment to defendant 186 Tenants Corp. on its counterclaim against plaintiffs for maintenance arrears. Although the warranty of habitability cannot be waived by the proprietary lease (Real Property Law § 235-b[2]), plaintiffs are not entitled to withhold maintenance on the ground that 186 Tenants Corp. breached the warranty. To the contrary, as the motion court determined in the August 7, 2019 order, damages arising from an alleged breach of the warranty could not be sustained, as plaintiffs averred that they did not live in the apartment full time, but only for a few days per year (see Genson v Sixty Sutton Corp., 74 AD3d 560, 560 [1st Dept 2010]).
As to attorneys' fees, although the motion court severed the counterclaim for unpaid maintenance while leaving open the possibility that plaintiffs may prevail on their claims, a determination of prevailing party status must await the final resolution of the action to determine which party, if any, should be awarded fees (see Excelsior 57th Corp. v Winters, 227 AD2d 146, 146-147 [1st Dept 1996]). We have considered plaintiffs' remaining contentions and find them unavailing.
The Decision and Order of this Court entered herein on May 3, 2022 is hereby recalled and vacated (see M-2022-02077 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 9, 2022