Matter of Bikman v New York City Loft Bd. (2022 NY Slip Op 07144)

Matter of Bikman v New York City Loft Bd.

2022 NY Slip Op 07144

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Renwick, J.P., Shulman, Rodriguez, Higgitt, JJ. 

Index No. 101209/17 Appeal No. 16900 Case No. 2021-03612 

[*1]In the Matter of the Estate of Minda S. Bikman by its Administratrix, Charla Bikman, Petitioner-Appellant,
v
New York City Loft Board et al., Respondents-Respondents, John Doe, Defendant.

Charla Bikman, East Hampton, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for New York City Loft Board, respondent.
Belkin, Burden, Goldman, LLP, New York (Magda L. Cruz of counsel), for 168 Mercer Street LLC and 168 Mercer Street Light LLC, respondents.

Judgment (denominated an order), Supreme Court, New York County (Nancy M. Bannon, J.), entered October 8, 2020, denying the petition to annul a determination of respondent NYC Loft Board, dated March 16, 2017, which denied petitioner's application for an order directing the owner of the building located at 595 Broadway to turn over possession of a third floor unit to petitioner to sell the decedent's fixtures and improvements to Charla Bikman, the proposed incoming tenant, and finding that the fair market value of the improvements was $9,762.50, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, with costs.
The court properly determined that the Loft Board's denial of petitioner's application seeking possession of the unit was rational (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). In a previous proceeding, possession of the unit in question had been awarded to the prior owner of the building (see 595 Broadway Assoc. v Bikman, 287 AD2d 285 [1st Dept 2001]). Following a subsequent abandonment proceeding, it was then determined that the estate petitioner was entitled to compensation for the improvements to the unit made by the decedent, who died in 1997, and the matter was remanded to the Loft Board for an appraisal of the fixtures and improvements (see Matter of Bikman v New York City Loft Bd., 57 AD3d 448 [1st Dept 2008], affd 14 NY3d 377 [2010]). The estate's entitlement to compensation for the improvements, however, did not bestow upon it any possessory rights to the unit or the ability to designate an incoming tenant (see Real Property Law § 236; Multiple Dwellings Law § 286(6); 29 RCNY 2-10; De Kovessey v Coronet Props. Co., 69 NY2d 448, 453-454 [1987]; Matter of Rubinstein v 160 W. End Owners Corp., 74 NY2d 443, 446 [1989]).
The court properly rejected petitioner's contention that the landlord failed to timely respond to a disclosure form listing the estate administratrix in her individual capacity as the incoming tenant, and its contention that the incoming tenant's right to occupy the unit had therefore vested. The landlord's time to respond never even began to run, as petitioner did not provide additional information reasonably requested by the landlord (see 29 RCNY 2-07[d][1][iii]).
Petitioner's contention that the landlord's time was not tolled because the request for more information did not contain an affirmation is also unavailing. The Loft Board's interpretation of 29 RCNY 2-07(d)(ii), as requiring an affirmation about the regulatory status of a unit when a landlord submits a response pursuant to 29 RCNY 2-07(d)(1)(iii) but not when a landlord submits a preliminary request for additional information pursuant to 29 RCNY 2-07(d)(1)(i), was rational and consistent with the plain language of the rules, and we therefore defer to it (see Matter of Partnership 92 LP & Bldg. Mgt. Co., [*2]Inc. v State of N.Y. Div. of Hous. & Community Renewal, 46 AD3d 425, 429 [1st Dept 2007], affd 11 NY3d 859 [2008]). Here, the Loft Board rationally concluded that the landlord's failure to include such an affirmation in its preliminary request for additional information did not render the request defective.
The court also properly concluded that the Loft Board's valuation determination was rational and was based on various appraisals and evidence in the record before it. Contrary to petitioner's contention, the Loft Board's determination was not made in violation of its procedures. While a valuation might normally be initiated through an application submitted by a party, the Loft Board conducted this valuation because it was required to by court order in the prior abandonment proceeding. Contrary to its contention, petitioner's due process rights were not violated, as the record establishes
that it had adequate notice and an opportunity to be heard on the issue of valuation (see Matter of Tyk v New York State State Educ. Dept., 19 AD3d 427 [2d Dept 2005], appeal dismissed 5 NY3d 823 [2005]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022