902 Assoc. v Union Sq. 902 Suites, LLC (2023 NY Slip Op 01734)

902 Assoc. v Union Sq. 902 Suites, LLC

2023 NY Slip Op 01734

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Renwick, A.P.J., Gesmer, Singh, González, Scarpulla, JJ. 

Index No. 156065/20 Appeal No. 17605 Case No. 2022-03683N 

[*1]902 Associates, Plaintiff-Respondent,
v
Union Square 902 Suites, LLC, Defendant-Appellant, Wellie Chao, Defendant.

DCL Firm, New York (James J. DeCristofaro of counsel), for appellant.
Belkin, Burden, Goldman, LLP, New York (Aris E. L. Dutka of counsel), for respondent.

Order, Supreme Court, New York County (Debra James, J.) entered February 9, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for a default judgment against defendant Union Square 902 Suites, LLC and denied defendant's cross motion to vacate its default and to serve a late answer, unanimously affirmed, without costs.
The court providently exercised its discretion in denying defendant's cross motion to vacate its default and to serve a late answer, as defendant failed to demonstrate a meritorious defense to this action seeking to recover unpaid rent (see Simon & Schuster v Howe Plastics & Chems. Co., 105 AD2d 604, 605 [1st Dept 1984]). Defendant's reliance on article 85.02 of the lease as a basis for an impossibility of performance defense is unavailing. That provision provides for rent abatement during the period that defendant is "prevented from conducting its business in the demised premises by . . . Governmental Authority." However, defendant's principal did not aver in his affidavit that defendant's business was shut down due to the pandemic-related executive orders; he claimed only that its revenues decreased significantly. Further, it is undisputed that defendant did not resume paying rent even after the governmental restrictions were lifted. Because defendant was able to continue operations, albeit in a limited capacity, its performance of the lease was not rendered impossible by the pandemic-related regulations (see Gap, Inc. v 170 Broadway Retail Owner, LLC, 195 AD3d 575, 577 [1st Dept 2021]; 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561, 562 [1st Dept 2021], appeal dismissed, 37 NY3d 1040 [2021]). For similar reasons, the court also correctly rejected defendant's frustration of purpose defense (see Gap, Inc., 195 AD3d at 577; 558 Seventh Ave. Corp. 194 AD3d at 561-562).
Plaintiff's contention that article 27 of the lease controls is unpreserved and, in any event, unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023