Priority Mgt., LLC v Deutsch (2025 NY Slip Op 50039(U))

[*1]

Priority Mgt., LLC v Deutsch

2025 NY Slip Op 50039(U)

Decided on January 6, 2025

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 6, 2025
Supreme Court, New York County

Priority Management, LLC, Plaintiff,

against
Gilaad Deutsch and NAPHTALI DEUTSCH, Defendants.

Index No. 656407/2022

Sanchez and Associates, Woodside, NY (Oscar E. Sanchez of counsel), for plaintiff. 
Gilaad G. Deutsch, Esq., New York, NY, defendant pro se and for defendant Naphtali Deutsch.

Gerald Lebovits, J.

In this action, plaintiff, Priority Management, LLC, sued defendants Naphtali and Gilaad Deutsch for unpaid rent and late fees. Defendants signed a lease with plaintiff to rent the premises from February 2020 through January 2021. On February 10, 2020, a fire broke out in a different unit in the building. Defendants were unable to return to their premises for 38 days. Plaintiff waived rent due for April and May 2020 [FN1]
. Defendants never returned to the premises. [*2]They paid no rent from June 2020 until their lease expired in January 2021.
Plaintiff then brought this action, asserting a breach-of-contract claim for rent and late fees incurred between June 2020 and January 2021. Defendants answered and counterclaimed for breach of the warranty of habitability and emotional distress.
Plaintiff now moves for summary judgment in its favor on its breach-of-contract claim and for summary judgment dismissing defendants' affirmative defense and counterclaims. The motion is granted.
1. Plaintiff has made out a prima facie case for breach of contract. It provides the lease and an affidavit from its principal showing the existence of the lease and that defendants failed to pay rent from April 2020 through January 2021, notwithstanding plaintiff's offer to waive rent for April and May 2020.
Defendants contend that their affirmative defense and counterclaim for breach of the warranty of habitability raise a triable issue of fact precluding summary judgment. They claim that during their tenancy they were "subject to severe risks . . . associated with electrical wiring issues plaguing The Apartment and The Building." (NYSCEF No. 3 at ¶ 26 [answer].) The court disagrees with defendants.
Defendants' current electric-wiring-related complaints do not raise a factual dispute about a breach of the warranty of habitability before February 10, 2020—a period during which defendants were current on rent—because defendants do not contend that they notified plaintiff of any electric-wiring issues during the pre-February-2020 period. (See Moskowitz v Jorden, 27 AD3d 305, 306 [1st Dept 2006].) Nor defendants provide evidence that they vacated the premises because of faulty wiring or evidence that the fire—which was their stated impetus for vacating—was caused by faulty wiring. With respect to the period from February 10, 2020, through expiration of the lease in January 2021, defendants cannot raise a breach-of-warranty defense (or counterclaim) for that period, because defendants were no longer occupying the premises. (See Genson v Sixty Sutton Corp., 74 AD3d 560, 560 [1st Dept 2010] ["Plaintiff, who was not a full-time resident of her cooperative apartment, was not entitled to compensation for breach of warranty of habitability during a period in which she was not living there."].)
Plaintiff's request for summary judgment in its favor, and to dismiss defendants' breach-of-warranty affirmative defense and counterclaim, is granted.
2. The court also concludes that defendants' counterclaim for emotional distress must dismissed. Defendants claim that plaintiff caused them distress "pertaining to the aftermath of the fire of February 2020. Plaintiff breached its contractual duties throughout the lease term of February 2020 until February 2021, forcing Defendants to live thousands of miles from friends, family and work." (NYSCEF No. 64 at ¶ 29.) To the extent this counterclaim sounds in intentional infliction of emotional distress, defendants have not sufficiently alleged, or provided evidence, that plaintiff's conduct was extreme and outrageous of the sort required to make out an IIED claim. (See Walentas v Johnes, 257 AD2d 352, 353 [1st Dept 1999] [discussing requirements of a claim for intentional infliction of emotional distress].) To the extent the counterclaim sounds instead in negligent infliction of emotional distress, defendants have not alleged or provided evidence that their contention of having suffered emotional distress "possess[es] some guarantee of genuineness"—only conclusory (symptom-less) assertions of distress. (Brown v New York Design Ctr., Inc., 215 AD3d 1, 9 [1st Dept 2023] [internal quotation [*3]marks omitted].)
Accordingly, it is
ORDERED that the branch of plaintiff's motion seeking summary judgment its favor on its breach-of-contract claim is granted; and plaintiff is awarded a judgment against defendants, jointly and severally, for $31,600 with interest at the statutory rate running from January 1, 2021, plus costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further
ORDERED that the branches of plaintiff's motion seeking summary judgment dismissing defendants' affirmative defense and counterclaims is granted, and the affirmative defenses and counterclaims asserted in defendants' answer are dismissed; and it is further
ORDERED that plaintiff shall serve a copy of this order with notice of its entry on defendants; and shall serve notice of entry on the office of the County Clerk (by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, 
https://ww2.nycourts.gov/courts/1jd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.
DATE 1/6/2025

Footnotes

Footnote 1:Defendants paid rent for February and March 2020. (See NYSCEF No. 43 at 51.)