Priority Mgt. LLC v Deutsch (2026 NY Slip Op 00633)

Priority Mgt. LLC v Deutsch

2026 NY Slip Op 00633

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Index No. 656407/22|Appeal No. 5786|Case No. 2025-00813|

[*1]Priority Management LLC, Plaintiff-Respondent,
vGilaad Deutsch et al., Defendants-Appellants.

Gilaad Gary Deutsch, Rochester, for appellants.
Ross & Asmar LLC, New York (Steven B. Ross of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about January 7, 2025, which granted plaintiff's motion for summary judgment on its breach of contract cause of action and for summary judgment dismissing defendants' affirmative defense and counterclaims for breach of the warranty of habitability and emotional distress, unanimously affirmed, with costs.
Supreme Court properly granted plaintiff's motion for summary judgment on its breach of contract claim because plaintiff established, through documents and defendants' admissions, the existence of a lease, defendants' breach of the lease, and resulting damages. Defendants conceded that they entered the lease agreement and that they did not live at the premises or remit any rent during the period claimed by plaintiff.
The court also properly granted summary judgment dismissing defendants' affirmative defense and counterclaim that plaintiff breached the warranty of habitability set forth in Real Property Law § 235-b by failing to address faulty electrical wiring in the apartment building. Defendants did not live in the apartment during the period for which they claim a breach, and thus are not entitled to compensation (see Genson v Sixty Sutton Corp., 74 AD3d 560, 560 [1st Dept 2010]; see also Adler v Ogden CAP Props., 126 AD3d 544, 545 [1st Dept 2015]). In addition, there is no evidence that defendants left their apartment or failed to return due to faulty electrical wiring or any other condition that represented a threat to their safety or otherwise rendered their apartment uninhabitable (see Adler, 126 AD3d at 545; see also Solow v Wellner, 86 NY2d 582, 588-589 [1995]). 
Furthermore, the court properly granted summary judgment dismissing the counterclaim for emotional distress. Defendants failed to raise any triable issue that plaintiff's conduct in commencing this action amounted to extreme and outrageous conduct, which is necessary to support a claim for intentional infliction of emotional distress (see generally Howell v New York Post Co., 81 NY2d 115, 121 [1993]). Nor did defendants raise any triable issue as to whether any harm they experienced was "a direct rather than a consequential" result of plaintiff breaching any duty so as to support a claim for negligent infliction of emotional distress (Brown v New York Design Ctr., Inc., 215 AD3d 1, 5-9 [1st Dept 2023]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026