965 Fifth Ave. Owners, Inc. v Nestor (2026 NY Slip Op 50167(U))

[*1]

965 Fifth Ave. Owners, Inc. v Nestor

2026 NY Slip Op 50167(U)

Decided on February 18, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 18, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

571615/25

965 Fifth Avenue Owners, Inc., Petitioner-Landlord-Respondent, 
againstMarianne Nestor, Respondent-Appellant,

Respondent Marianne Nestor appeals from an order of the Civil Court of the City of New York, New York County (Frances A. Ortiz, J.), dated February 10, 2025, which denied her motion to vacate a default final judgment awarding petitioner possession and a monetary recovery in the amount of $802,895.31 in a nonpayment summary proceeding.

Per Curiam.
Order (Frances A. Ortiz, J.), dated February 10, 2025, affirmed, without costs.
Civil Court providently exercised its discretion in denying respondent's motion to vacate the default final judgment. Respondent failed to demonstrate any meritorious defense to this nonpayment proceeding, premised upon allegations that she failed to pay maintenance arrears on her Fifth Avenue cooperative apartment for several years, and currently owes over $800,000 (see 902 Assoc. v Union Sq. 902 Suites, LLC, 214 AD3d 581 [2023]). Respondent may not assert the breach of the warranty of habitability as a defense since she admittedly never resided in the apartment (see Genson v Sixty Sutton Corp., 74 AD3d 560, 560 [2010]; 830 Eighth Ave LLC v Global at 8th LLC, 198 AD3d 404, 405 [2021]). Nor is any defense raised by claims that petitioner failed to approve her 2014 alteration application or that landlord removed certain plumbing fixtures in 2019.
We have considered respondent's remaining claims and find them unavailing. We note that respondent was evicted on July 7, 2025.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: February 18, 2026